Daniel E. Macicen, J.
By an ordinance adopted by the Town Board of Brighton July 25, 1957 the zoning ordinance of the town was amended by transferring certain property fronting on East Avenue including properties owned by plaintiffs Linowitz and 2525 East Avenue, Inc., and the defendant East Avenue Towers, Inc., from a Class “A” residential district to a Class “D” residential district. An effect of the ordinance was to permit the construction of and use of the properties for apartment houses up to seven stories in height. Prior thereto, with certain exceptions not including apartment houses, use of these premises was substantially restricted to single-family dwellings. Defendant East Avenue Towers, Inc., proposes to build an apartment house on its property located at the southeast corner of East Avenue and Clover Street. Plaintiffs each own property on the south side of East Avenue east of and consecutively adjoining the property of East Avenue Towers, Inc., which are now used by them for the maintenance of single residences.
*1031 By this action plaintiffs seek judgment declaring the amending ordinance of July 25, 1957 invalid and void, declaring that the properties of the plaintiffs Linowitz and 2525 East Avenue, Inc., and that of defendant East Avenue Towers, Inc., are now classified as Residential ‘‘ A ”, and enjoining the defendants from building or permitting the building of an apartment house on the premises of the defendant East Avenue Towers, Inc. Plaintiffs’ attack on the validity of the amending ordinance is based on contentions (1) that notice of the public hearing held prior to adoption of the ordinance was not published timely in accordance with the requirements of the town’s zoning ordinance; (2) that the notice of the hearing was defective in that it was ‘‘ abstruse and misleading to the ordinary layman ’ ’; and (3) that by reason of false representations and information given to certain of the plaintiffs and their representatives by officials and employees of the defendant town, the town is estopped from asserting that the properties of plaintiffs Linowitz and 2525 East Avenue, Inc., and that of defendant East Avenue Towers, Inc., are presently classified as Class ‘ ‘ D ” residential district.
By resolution adopted August 26, 1935 the Town Board amended section 56 of its zoning ordinance entitled “ Power to Amend ’ ’ to read as follows: ‘1 The regulations, restrictions, uses and boundaries provided in this ordinance and the Official Map may be amended, supplemented, changed, modified or repealed in accordance with the provisions of Article 16, Sections 264 and 265 of Chapter 634 of the Laws of 1932 ”. Reference was thereby made to sections 264 and 265 of the Town Law. Chapter 634 of the Laws of 1932 completely re-enacted the Town Law with such extensive revisions that it became known as the “ new ” Town Law and the law as it had theretofore existed the “old” Town Law (1932 and 1933 Supplements McKinney’s Cons. Laws, Book 61). As it existed prior to its amendment in 1935, section 56 of the zoning ordinance provided that amendments might be made in accordance with the then applicable provisions of the “ old ” Town Law described in the ordinance as “ Article 6-A, Subdivision 18-F of Section 141-C and Article 17-C of the Town Law ”. The “ new ” Town Law became effective January 1, 1934 and it is apparent to me that the 1935 ordinance amending section 56 referred to sections 264 and 265 of “ Chapter 634 of the Laws of 1932 ”, rather than of the “ Town Law ”, solely for the purpose of making it clear that the incorporated sections were of the “ new ” Town Law.
By the provisions of sections 264 and 265 of the Town Law in effect in 1935, notice of a public hearing in relation to proposed amendments of the town zoning ordinance was required to be published at least 15 days prior to the hearing. The same *1032 requirement had heen contained in sections 349-r and 349-s of article 17-C of the ‘ ‘ old ’ ’ Town Law. In 1941 section 264 of the Town Law was amended by reducing the required period of published notice from 15 to 10 days and the latter requirement continues to the present time. Notice of the public hearing held prior to the adoption of the July 25, 1957 amendment was published 14 days before the hearing. Plaintiffs contend that the town was required to give 15 days’ notice as required by the provisions of sections 264 and 265 of the Town Law in effect when section 56 of the zoning ordinance was adopted in 1935. Defendants claim that but 10 days’ notice was required as provided by those sections as amended.
‘ ‘ ‘ Construction ’ in its legal sense, has been defined as the art or process of determining the proper meaning or application of provisions contained in statutes or other written instruments. As applied to statutes, this process necessarily presupposes doubt, obscurity, or ambiguity, and consequently, where a statute is framed in language so plain as to make an explanation superfluous, one will not be attempted. Where, however, a construction of a statute is required, it may be reached by reasoning from extraneous connected circumstances, laws, or writings, bearing on the same or a connected matter, or by seeking and applying the probable aim and purpose of the provision.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 71.) Plaintiffs’ position is that section 56 of the zoning ordinance is so clear and free from ambiguity that resort may not be had to other means of interpretation. (McKinney’s, op. cit, § 76; Matter of Shea v. Falk, 10 A D 2d 142, 144.) I am unable to agree. The ambiguity inherent in statutes incorporating by reference other statutes is recognized in section 197 of McKinney’s statutes: “Where a statute is incorporated by reference in a later one, the earlier act and all its amendments in force at the time of the adoption are included in the later act. It is, however, a question of considerable difficulty whether subsequent changes to the incorporated act are so included.” (Italics supplied.) While, in the absence of a discernible contrary intent, the general rule seems to be that an independent statute incorporating by reference the provisions of another independent statute, is not affected by amendments made to the latter after the incorporation (American Bank v. Goss, 236 N. Y. 488, 493; Matter of Altering & Widening of Main St. in Vil. of Sing Sing, 98 N. Y. 454; Royle v. Standard Fruit & S. S. Co., 184 Misc. 348), it seems to me that a statute or, as in this case, an ordinance, must be construed in the light of all criteria of construction available at the time the construction is sought.
*1033 Since the 1941 amendment of section 264 of the Town Law, reducing the notice period from 15 to 10 days, the Town of Brighton has adopted at least 40 ordinances amending its zoning ordinance of which at least 28 were adopted following hearings held upon published notice of more than 10 but less than 15 days. Notice of 15 days or more in the other instances resulted from the relationship of the publishing dates of the weekly paper used for that purpose and the convenient dates for the hearings. Between the years 1940 and 1960 the population of the Town of Brighton more than doubled (United States Census). The assessed valuation of its real estate increased from $28,000,000, representing 80% of its true value in 1941, to $67,000,000, representing 37% of its true value in 1960 (Proceedings of Board of Supervisors, 1941, pp. 317-319; 1960, p. 246.) Despite the repeated amendment of its zoning ordinance in accordance with the procedure required by the Town Law provision as amended, no one has questioned the legality of the procedure until the commencement of this action. The consequences possibly attendant upon a decision casting doubt upon the validity of the substantial number of zoning ordinances adopted by the town during the past 20 years are apparent.
“ [W]here there has been a practical construction placed by the representatives of the people upon the constitutional provision, and where great public works in localities have been carried out through the assistance of large loans and investment of moneys, advanced upon the faith of the validity of the legislation which authorized them, it would not do for the courts to construe in too strict or illiberal a sense.” (Matter of Henneberger, 155 N. Y. 420, 429.) “ When the parties to a contract of doubtful meaning, guided by self-interest, enforce it for a long time by a consistent and uniform course of conduct, so as to give it a practical meaning, the courts will treat it as having that meaning, even if as an original proposition they might have given it a different one. * * * So, when the meaning of a statute is doubtful, a practical construction by those for whom the law was enacted, or by public officers whose duty it was to enforce it, acquiesced in by all for a long period of time * * * ‘ is entitled to great if not controlling influence ’ ”. (City of New York v. New York City Ry. Co., 193 N. Y. 543, 548-549; italics added; Matter of Kolb v. Holling, 285 N. Y. 104; Matter of Washington St. Asylum, 115 N. Y. 442, 447.) We have here a practical construction by the Town Board of its own ordinance, which to me approaches the conclusiveness of interpretations by administrative agencies of their own regulations. (Franconia Vil. Co-op. v. Lincoln Sav. Bank, 33 Misc 2d 540 and cases therein *1034 cited.) I conclude that in adopting the 1935 amendment to section 56 of its zoning ordinance, the Town Board thereby intended that procedures to further amend the ordinance were to be governed by the provisions of the Town Law as they might exist at the time future amendments were sought and that notice of the hearing preceding adoption of the July 25,1957 amendment was timely published.
I shall now consider plaintiffs’ contention that the notice of hearing was defective in that it was ‘ ‘ abstruse and misleading to the ordinary layman ”. Upon the argument it was conceded that a correct legal description of the property to he affected was set forth in the notice and no claim is made that the description was ambiguous in the sense that any question arises as to whether it included the properties of the plaintiffs Linowitz and 2525 Bast Avenue and that of the defendant East Avenue Towers, Inc. (Cf. Matter of Palmer v. Mann, 206 App. Div. 484, affd. 237 N. Y. 616.) Rather, the contention is that the average layman upon reading the notice would not be readily aware that these particular properties were included. The statute does not undertake to minutely define the requirements of the notice to be given and it is not uncommon to couch such notices in terms of legal description. It seems to me that, assuming the premises to be affected are properly legally described, the statutory requirement is met if the published notice gives the average reader reasonable warning that property in which he has an interest may be affected and an opportunity by the exercise of reasonable diligence to determine whether such is the fact.
One familiar with the area here involved would be informed by the notice that it was proposed to rezone both sides of East Avenue from a point commencing at the Rochester city line and extending eastward several blocks. He would learn that on the north side of East Avenue the property affected was bounded on the east by “ lot No. 1 of Lime Rock Lane Subdivision ”. He Would know that Lime Rock Lane intersects East Avenue on the north at a point immediately east of plaintiffs’ properties. He would be informed that the property on the southwest corner of Clover Street and Highland Avenue immediately to the west of that upon which the defendant East Avenue Towers proposes to build its apartment was included in the area and that by the terms of the notice this property was not stated to be the easterly boundary of the premises affected on the south side of East Avenue. It seems to me that by reading the notice, plaintiffs or their predecessors in title should have been made readily aware that the proposed ordinance was to affect property *1035 at least in the immediate vicinity of their properties. The notice further stated: ‘ ‘ For more specific descriptions and more detailed information regarding the proposed amendments a map has been prepared and placed in the building department office in the Brighton Town Hall * * * which map may be examined by any interested person during regular office hours.” This map, which has been submitted on this motion, clearly shows the properties of the parties to be within the area proposed to be rezoned. While perhaps not particularly material, plaintiffs have submitted affidavits of several present and former residents of the area that they were not aware of the proposed ordinance. It is to be noted, however, that of these, none claims to have read the notice and been thereby misled. I conclude that the notice as to form and content complied with the requirements of the statute.
Plaintiffs Linowitz and 2525 East Avenue, Inc., acquired their properties after the adoption of the 1957 amending ordinance. In opposition to this motion they have submitted affidavits indicating that before their acquisition of their respective properties and after the adoption of the ordinance, they or their representatives upon direct inquiry were informed by officials and employees of the Town of Brighton, presumably in positions to know the facts, that property on the south side of East Avenue and east of Clover Street, including their properties and that of the defendant East Avenue Towers, Inc., were classified as Residential “ A ” district in which classification apartments were not permitted, and that had they known this to be otherwise, they would not have purchased their properties. They also state that upon further inquiry after acquiring the properties and as late as 1961 they were given the same information by town zoning officials. These assertions have not been denied and in any event for the purposes of this motion I must assume them to be true. I do not hesitate, however, to conclude that one may not be prevented from devoting his property to a use permitted by a validly enacted zoning ordinance because of erroneous statements or representations made by officials of a municipality to holders of other property affected by the ordinance. I must therefore reject plaintiffs’ contention that the town is estopped from permitting the construction of the proposed apartment by defendant East Avenue Towers, Inc.
While not urged by the defendants and not determinative of this motion, I doubt that, at least insofar as it seeks declaratory judgment, this action may proceed in any event without the presence as parties of the owners of all other properties affected by the ordinance, some of whom it appears have made substantial *1036 investments in reliance on its validity. (Brechner v. Incorporated Vil. of Lake Success, 23 Misc 2d 159; Terner v. City of Peekskill, 124 N. Y. S. 2d 24; Wood v. City of Salamanca, 289 N. Y. 279.)
I find no issue of fact to be resolved by a trial and defendants’ motion for summary judgment dismissing the complaint is granted.