[No. 10636–1–II.   Division Two.   August 17, 1988.]

CITIZENS FOR RESPONSIBLE GOVERNMENT, *Appellant,* v.
KITSAP COUNTY, ET AL, *Respondents.*

*C. David Sheppard,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *Scott M. Missall, Deputy,* for respondent Kitsap County.

*William R. Hickman, Robert D. Johns,* and *Reed, McClure, Moceri, Thonn & Moriarty,* for respondent McCormick Land Co.

ALEXANDER, A.C.J.—Citizens for Responsible Government appeals a summary judgment granted to Kitsap County and the McCormick Land Company. Citizens alleges on appeal that the trial court erred in concluding, as a matter of law, that its claim against the County and McCormick is barred by laches. We affirm.

On February 22, 1983, after numerous public hearings, the Kitsap County Planning Commission presented to the Kitsap County Board of County Commissioners a draft proposal for a new zoning ordinance. On March 21, 1983,

the County Commissioners scheduled a public hearing for April 11, 1983, to "consider the Planning Commission's recommendation to approve the Kitsap County zoning ordinance." The hearing date was rescheduled by the County Commissioners for April 25, and a public notice of that hearing was published on April 15 in Bremerton's daily newspaper, the Sun.

The County Commissioners conducted the public hearing on April 25 and heard testimony from numerous citizens regarding the proposed ordinance. The County Commissioners then continued the matter to June 6, 1983, "for decision only." On that date, the County Commissioners adopted the proposed ordinance, but only after making approximately 100 amendments to it. One of the amendments was to a section dealing with planned unit developments (PUD's). That amendment had the effect of permitting PUD's to be developed in certain areas where they would not have been permitted under the Planning Commission's proposal.

Since the adoption of the ordinance, hundreds of permits have issued for PUD projects. One of these permits was granted in 1985 to the McCormick Land Company. We presume, although it is not clear from the record here, that McCormick would not have received this permit if the ordinance had been enacted as originally proposed.

In March 1986, an organization called Citizens for Responsible Government petitioned the King County Superior Court for a writ of certiorari and for a stay of McCormick's development. Citizens alleged that the ordinance under which McCormick received its permit had not been properly adopted by the Kitsap County Commissioners. The King County Superior Court issued the writ and granted the stay.

Kitsap County and McCormick moved to quash the writ, and asked the King County Superior Court to dissolve the stay, or in the alternative to require Citizens to post a bond to maintain the stay. They also sought a change of venue to Kitsap County Superior Court. The King County Superior

Court entered an order requiring Citizens to post a $75,000 bond. It also changed venue to Kitsap County and ordered that all other issues be preserved for resolution by the Kitsap County Superior Court.

In Kitsap County, Citizens moved for summary judgment invalidating the ordinance for the reason that the notice requirements set forth in RCW 36.70 had not been observed by Kitsap County. Kitsap County and McCormick defended, arguing that Citizens' challenge to the ordinance was barred by laches, as well as by its failure to join indispensable parties. It also contended that the notice requirements set forth in RCW 36.70 had been observed.

The Kitsap County Superior Court denied Citizens' motion. Citizens moved for reconsideration. The trial court denied Citizens' motion for reconsideration and granted summary judgment in favor of McCormick and Kitsap County, concluding that Citizens' challenge to the ordinance was barred by laches.

We agree with the trial court and, consequently, find it unnecessary to reach the other issues raised by Citizens.

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Barrie v. Hosts of Am., Inc.*, 94 Wn.2d 640, 643, 618 P.2d 96 (1980). A material fact is one upon which the outcome of the litigation depends.

Citizens concedes that from a strictly factual standpoint, the elements of laches are present. However, it argues that the defense of laches may not, as a matter of law, be imposed by Kitsap County and McCormick because the challenged zoning ordinance is void. Citizens contends that it is void because the requirements for notice to the public which are prescribed in RCW 36.70.620 and RCW 36.70.630 were not observed by the County before final adoption of the ordinance. Citizens alleges that, as a consequence of the deficient notice, there was a denial of due process which renders the ordinance void. A void ordinance, it contends,

can be challenged at any time.[1]

■ This ordinance is not void, however. For many years, the courts have used the terms "void" and "voidable" somewhat loosely, with little discussion of what deficiencies render a statute or ordinance "a nullity ab initio," rather than merely capable of invalidation if properly challenged. We believe the distinction must be drawn between defects which are substantive and those which are merely procedural.

Thus, in zoning matters, an ordinance that is clearly a usurpation of power, inconsistent with constitutional or statutory provisions, or an invasion of property with no relation to the public health, safety, morals, or welfare, is void and incapable of being validated. It can be attacked at any time, regardless of previous acquiescence or the amount of time since its passage. However, defects and irregularities in the mode of enactment of an ordinance do not pertain to the nature of the ordinance itself. In our judgment, challenges to such defects may be precluded by waiver, estoppel, or laches. *See Millbrae Ass'n for Residential Survival v. Millbrae,* 262 Cal. App. 2d 222, 69 Cal. Rptr. 251 (1968) (failure to refer amendment to recommendations to planning commission); *Creston v. Center Milk Prods. Co.,* 243 Iowa 611, 51 N.W.2d 463 (1952) (failure to publish order); *Edel v. Filer Township, Manistee Cy.,* 211 N.W.2d 547 (Mich. Ct. App. 1973) (failure to pass resolution of intent to proceed under the enabling statute and failure to maintain a book of ordinances, as required by statute); *Walker v. Biloxi,* 229 Miss. 890, 92 So. 2d 227 (1957) (inadequate notice); *Taylor v. Schlemmer,* 353 Mo. 687, 183 S.W.2d 913 (1944) (improper notice, improper title of ordinance); *Struyk v. Samuel Braen's Sons,* 17 N.J. Super. 1,

---

[1]Citizens argues that the County Commissioners violated RCW 36.70.620 and RCW 36.70.630 when it passed the ordinance with amendments without scheduling an additional public hearing to consider the proposed amendments.

85 A.2d 279 (1951) (no written report, as required by statute); *Benequit v. Monmouth Beach,* 125 N.J.L. 65, 13 A.2d 847 (1940) (published in unqualified newspaper); *McCabe v. Hawk,* 97 N.M. 622, 642 P.2d 608 (Ct. App. 1982) (improper notice); and *2525 East Ave., Inc. v. Brighton,* 33 Misc. 2d 1029, 228 N.Y.S.2d 209, *aff'd,* 17 A.D.2d 908, 233 N.Y.S.2d 759 (1962) (question of notice). *See also* 8A E. McQuillin, *Municipal Corporations* § 25.291 (3d ed. 1986).

Our ruling here is consistent with *Buell v. Bremerton,* 80 Wn.2d 518, 495 P.2d 1358 (1972), where our Supreme Court held that laches barred numerous challenges to procedural defects in the passage of a zoning ordinance; and *Pierce v. King Cy.,* 62 Wn.2d 324, 383 P.2d 628 (1963), where it held that one has a *reasonable time* after notice in which to challenge a zoning ordinance. Finally, we note that the major harm resulting from procedural defects is the lack of notice to affected parties. However, since laches cannot apply in the absence of notice, adequate protection against such defects is provided. There is, therefore, no policy reason for favoring procedural compliance over the public interest in the finality of zoning decisions.[2] Accordingly, we hold that a defect in the notice requirements, if there was one in this case, did not preclude the defense of laches.

Laches applies if three conditions exist:

(1) knowledge or reasonable opportunity to discover on the part of a potential plaintiff that he has a cause of action against a defendant; (2) an unreasonable delay by the plaintiff in commencing that cause of action; (3) damage to defendant resulting from the unreasonable delay.

*Buell v. Bremerton,* 80 Wn.2d 518, 522, 495 P.2d 1358 (1972).

The principal consideration in applying laches is the prejudice and damage to others likely to result from the untimely action. *Pierce,* 62 Wn.2d at 332. Here, there would

---

[2]We note that *Swartout v. Spokane,* 21 Wn. App. 665, 586 P.2d 135 (1978), on which Citizens relies, recognized that laches can still bar a challenge to a void act if the public interest in the finality of government action is involved.

clearly be damage to many developers who had begun or completed projects in the nearly 3 years in which Citizens delayed bringing its action. Appellants *concede* that from a factual standpoint the elements of laches exist. They cannot now rely on an alleged procedural violation to insulate them from the results of their own neglect. The trial court correctly held, as a matter of law, that Citizens' action is barred.

We affirm.

PETRICH and WORSWICK, JJ., concur.