## 2008 ME 37

## BOG LAKE COMPANY

v.

## TOWN OF NORTHFIELD et al.

Supreme Judicial Court of Maine.

Argued: Sept. 10, 2007.
Decided: Feb. 28, 2008.

Edmund J. Bearor, Esq. (orally), Robert W. Laffin, Jr., Esq., Timothy A. Pease, Esq., Rudman & Winchell, LLC, Bangor, ME, for Bog Lake Company.

Rebecca Irving, Esq. (orally), Machias, ME, for the Town of Northfieild.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

MEAD, J.

[¶ 1] Bog Lake Company appeals from a judgment entered by the Superior Court (Washington County, *Hunter, J.*) granting the Town of Northfield's motion to dismiss Bog Lake Company's complaint for declaratory judgment. The complaint sought an order declaring that Northfield's residents erred in construing the town's shoreland area ordinance at the 2005 town meeting, where they unanimously voted against Bog Lake Company's request to reclassify its land from strict resource protection to limited residential/recreational. The Superior Court dismissed the complaint pursuant to M.R. Civ. P. 12(b)(6), finding the vote was a legislative act that it lacked authority to disturb. We affirm the judgment.

## I. BACKGROUND

[¶ 2] Bog Lake Company owns a significant amount of land fronting Bog Lake in the Town of Northfield (Town). In 1987, the Town enacted a shoreland area ordinance, applicable to all land within 250 feet of the normal high-water mark of virtually any body of water or wetland.

The ordinance created two categories within the shoreland area: (1) limited residential/recreational tracts, on which residential construction is allowed, and (2) strict resource protection tracts, on which residential construction, along with many other potential uses, is prohibited. The ordinance provides that land meeting any of seven criteria is classified as a strict resource protection tract in order to prevent "development [that] would adversely affect water supply, productive habitat, biotic systems, or scenic and natural values." [1]

[¶ 3] At the time the ordinance was enacted in 1987, the Town classified some of Bog Lake Company's land as a strict resource protection tract. In October 2004, seeking to develop that land, Bog Lake Company asked the Town's planning board to amend the ordinance by reclassifying its land as limited residential/recreational. After conducting a public hearing, the planning board recommended that Bog Lake Company's request be denied. The planning board did not have the final say, however. The ordinance leaves the ultimate decision on proposed amendments to the townspeople at a town meeting. If the planning board recommends that an amendment be approved, then a simple majority at the town meeting will enact it; if not, then a two-thirds majority is required for passage. Bog Lake Company's

---

1. The seven criteria set out in the ordinance are:
   1. Inland freshwater wetlands, as defined, and specifically areas rated as moderate to high-value waterfowl areas by the Department of Inland Fisheries and Wildlife, as of April 1990.
   2. Floodplains as defined by the 100–year flood or by the flood of record, or in the absence of these, by soil types identifiable as recent floodplain soils.
   3. Areas of any size having unstable soil subject to slumping, mass movement, or severe erosion.
   4. Other significant wildlife habitat, i.e. endangered or threatened species.
   5. Natural sites of significant scenic or esthetic value.
   6. Areas designated by Federal, State, or municipal government as natural areas of significance to be protected from development.
   7. Other significant areas which should be included in this tract type to fulfill the purposes of this Ordinance.

request for an amendment went before the voters at the July 2005 town meeting, where it was unanimously rejected.

[¶ 4]  In October 2005, Bog Lake Company filed a complaint for declaratory judgment in the Superior Court, seeking a finding that its land did not meet the criteria for inclusion as a strict resource protection tract, and an order compelling the Town to reclassify the land as a limited residential/recreational tract.  The Town filed a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6),[2] contending that the vote at the town meeting was a legislative act, and therefore not subject to judicial review absent a constitutional challenge.  The court agreed and dismissed the complaint, noting that:

> The [Company] does not allege in its complaint nor does it contend in its brief that there are any procedural irregularities or other Constitutional law deficiencies associated with the public vote to deny its request for an amendment. The [Company's] position seems to be simply that the Town voters got it wrong when they stepped into the voting booth.

[¶ 5]  Bog Lake Company's subsequent motion to amend the order was denied, and this appeal followed.[3]

## II.  DISCUSSION

### A.  Standard of Review

[¶ 6]  When a complaint is dismissed as legally insufficient, we review it de novo in the light most favorable to the plaintiff, accepting the material facts it alleges as true, to determine whether the complaint could entitle the plaintiff to relief on some theory.  *Doe v. District Attorney*, 2007 ME 139, ¶ 20, 932 A.2d 552, 558.  "A dismissal is proper only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim."  *Id.* (citation omitted).

### B.  Statute of Limitations

[¶ 7]  The Town argues that Bog Lake Company's cause of action accrued in 1987 when the original zoning classification was made, and therefore the complaint is barred by 14 M.R.S. § 752 (2007), which generally requires that "[a]ll civil actions . . . be commenced within 6 years after the cause of action accrues and not afterwards. . . ."  Bog Lake Company responds that no justiciable controversy existed until 2004, when it made a decision to develop its land and asked the Town to amend the shoreland area ordinance.

[¶ 8]  In general, a cause of action accrues when a plaintiff receives a judicially cognizable injury.  *Me. Mun. Employees Health Trust v. Maloney*, 2004 ME 51, ¶ 10, 846 A.2d 336, 339.  On this record, whatever injury may have been sustained by Bog Lake Company was sustained in 1987 when its land was originally designated as a strict resource protection tract.  From that point forward nothing changed objectively, as the Town's rejection of Bog Lake Company's request to amend the ordinance did no more than preserve the status quo.  If it was true in 2004, as Bog Lake Company asserts, that its land did not meet the criteria for a strict resource

---

**2.**  The rule allows a defendant to move to dismiss a complaint on the ground that it "fail[s] to state a claim upon which relief can be granted."

**3.**  The Town filed a motion to dismiss the appeal based on essentially the same arguments advanced in its brief.  We ordered that the motion be considered along with the merits of the appeal.  We now deny the motion because *the issues it raises are resolved in today's decision.*

protection tract, then that assertion was equally true in 1987.

[¶ 9] If Bog Lake Company is correct in arguing that its decision to develop the land in 2004 gave rise to its cause of action, then no municipality's zoning classifications could ever be settled, because an owner's subjective decision at any time to use the land in a different way would simply reset the six-year period of limitation. We decline a construction that would render the statute meaningless in this context. *See Swan v. Sohio Oil Co.*, 618 A.2d 214, 216–17 (Me.1992) (stating that the limits of a statute cannot be stretched to the point that it is meaningless). Accordingly, absent a challenge to the ordinance itself, Bog Lake Company's complaint for declaratory judgment, filed eighteen years after the ordinance took effect, is time-barred.

### C. Due Process

[¶ 10] In its brief, Bog Lake Company repeatedly asserts that its representatives were not allowed to speak at the Northfield town meeting before its request for an amendment was voted down. Reading the complaint broadly, as we must when reviewing its dismissal, Bog Lake Company makes a claim that its procedural due process rights were violated. Due process "is a flexible concept calling for such procedural protections as the particular situation demands." *Hopkins v. Dep't of Human Servs.*, 2002 ME 129, ¶ 18, 802 A.2d 999, 1004 (quotation marks omitted).

[¶ 11] We have said that "[z]oning is a legislative act, and the adoption of a zoning amendment, like the enactment of the original zoning ordinance is also a legislative act." *F.S. Plummer Co. v. Town of Cape Elizabeth*, 612 A.2d 856, 861 (Me. 1992) (quotation marks, alterations, and citations omitted); *see also Crispin v. Town of Scarborough*, 1999 ME 112, ¶ 18,

736 A.2d 241, 247. When the voters of Northfield denied Bog Lake Company's request to amend the shoreland area ordinance, they did so acting as the legislative body of the Town. *Vella v. Town of Camden*, 677 A.2d 1051, 1055 (Me.1996). In that capacity, the townspeople's decision is entitled to great deference from the courts. Accordingly, while judicial review of a zoning amendment may be obtained by an action seeking a declaratory judgment, we limit that review to a determination of whether the ordinance itself is constitutional, and whether the zoning of Bog Lake Company's land is in basic harmony with the Town's comprehensive plan. *F.S. Plummer Co.*, 612 A.2d at 859.

[¶ 12] It is long-settled that "courts are not justified in preventing the enforcement of a legislative enactment by declaring it invalid unless satisfied beyond a reasonable doubt that it is in clear violation of some provision of the Constitution." *State v. Phillips*, 107 Me. 249, 253, 78 A. 283, 284–85 (1910). We restrict our inquiry to the constitutionality of challenged legislative action, "tak[ing] no opportunity [ ] to endorse or criticize the value of specific legislative enactments," because "[t]he political process ... [is] better suited to contend with the complex questions of public policy and competing social interests." *State v. Rush*, 324 A.2d 748, 757 (Me.1974). The Maine Legislature has mandated the adoption of zoning regulations in shoreland areas. 38 M.R.S. §§ 435, 438–A (2007). That enactment and the Town's ordinance are each presumed to be constitutional. *Rush*, 324 A.2d at 753; *see also Plummer*, 612 A.2d at 859 (zoning ordinance presumed to be constitutional).

[¶ 13] In *Sold, Inc. v. Town of Gorham*, we said that "[s]ubject to equitable defenses including laches, a governmental action may be challenged at any time, as ultra

vires, when the action itself is beyond the jurisdiction or authority of the administrative body to act," including claims that an ordinance is unconstitutional. 2005 ME 24, ¶ 12, 868 A.2d 172, 176 (emphasis added). Other courts have also noted that when considering the timing of a challenge to a zoning ordinance, there is a distinction between an attack on the substance of the ordinance itself, and an attack on the procedural activity surrounding it. The Washington Court of Appeals held that:

> in zoning matters, an ordinance that is clearly a usurpation of power, inconsistent with constitutional or statutory provisions, or an invasion of property with no relation to the public health, safety, morals, or welfare, is void and incapable of being validated. It can be attacked at any time, regardless of previous acquiescence or the amount of time since its passage. However, defects and irregularities in the mode of enactment of an ordinance do not pertain to the nature of the ordinance itself. In our judgment, challenges to such defects may be precluded by waiver, estoppel, or laches.

*Citizens for Responsible Gov't v. Kitsap County*, 52 Wash.App. 236, 758 P.2d 1009, 1011 (1988); *see also Schaeffer v. Anne Arundel County*, 338 Md. 75, 656 A.2d 751, 753 (1995) (constitutional challenge to ordinance's enactment procedures may be time-barred by laches doctrine); *Stilp v. Hafer*, 553 Pa. 128, 718 A.2d 290, 293 (1998) ("[W]e agree ... that laches may apply where a challenge to a law is made

on procedural grounds years after its passage.").

[¶ 14] In advancing its implied due process claim, Bog Lake Company does not challenge the constitutionality of the ordinance per se; rather, it asserts that it should have been permitted at the town meeting to address its allegation that the Town had improperly applied the criteria specified by the ordinance for inclusion as a strict resource protection tract.[4] Bog Lake Company could have made the same argument in 1987 when its land was originally zoned. Once the six-year period of limitation following that act expired, the time bar fell on Bog Lake Company's potential cause of action; its claim of procedural irregularities at the town meeting, even those of constitutional import, cannot resurrect it now.[5] *See Block v. North Dakota*, 461 U.S. 273, 292, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) ("A constitutional claim can become time-barred just as any other claim can. Nothing in the Constitution requires otherwise."). As the Pennsylvania Supreme Court observed:

> [L]aches may apply where a challenge to a law is made on procedural grounds years after its passage. Our legislative processes are available to the public when a new law is enacted. Otherwise ... courts would revisit statutes that are constitutionally sound in substance and that have been relied upon by the citizens....

*Stilp*, 718 A.2d at 293; *see also Schaeffer*, 656 A.2d at 753 ("We cannot allow plaintiffs to take a 'wait and see' approach to

---

**4.** Bog Lake Company also *suggests that the* complaint "could conceivably" be amended to add an allegation that an unspecified number of the criteria set out in the ordinance are unconstitutionally vague. Even if, *arguendo*, that claim was properly before *us*, the Superior Court correctly noted that it is impossible for any court to know which of the seven criteria each voter considered, much less

whether a particular voter applied a certain criterion "properly."

**5.** We note that while Bog Lake Company did not have an opportunity to speak at the town meeting, it makes no such claim concerning the public hearing held before the Town's planning board.

ordinances, challenging an ordinance many years after enactment on procedural grounds.").

[¶ 15] Because Bog Lake Company's procedural due process challenge fails, and there is no constitutional challenge to the ordinance itself, we will not disturb the voters' decision to deny the request for an amendment as long as the ordinance "is in basic harmony with the Town's comprehensive plan." *F.S. Plummer Co.*, 612 A.2d at 859. We make this limited additional inquiry to assure compliance with the statutory requirement that "[a] zoning ordinance must be pursuant to and consistent with a comprehensive plan adopted by the municipal legislative body...." 30–A M.R.S. § 4352(2) (2007).

[¶ 16] The same document, entitled "Northfield Land Use Ordinances," contains both the Town's comprehensive plan and the shoreland area ordinance. The first stated goal of the comprehensive plan is that:

> The health and safety and general welfare of [the Town's] citizens and visitors is of primary importance. To this end, and in consideration of the interrelationships of the land ethic, the maintenance, health, and protection of the natural resources of the Town is also highly valued.

[¶ 17] The declared purpose of the shoreland area ordinance is:

To further the maintenance of safe and healthful conditions, prevent and control water pollution, protect spawning grounds, fish, aquatic life, bird, and other wildlife habitat, control building sites, placement of structures and land uses, and conserve shore cover, visual as well as actual points of access to inland waters, and natural beauty.

[¶ 18] The purpose of the ordinance, to conserve and protect the Town's natural resources, is obviously consistent with the comprehensive plan, which makes that objective its first goal. Because the zoning classification that includes Bog Lake Company's land is in basic harmony with the comprehensive plan and the statutory mandate imposed by 38 M.R.S. § 438–A, we inquire no further into the decision of the Town's voters. The Superior Court did not err in dismissing the complaint.[6]

The entry is:

Judgment affirmed.

---

6. Bog Lake Company argues that our decision in *City of Old Town v. Dimoulas*, 2002 ME 133, 803 A.2d 1018, stands for the proposition that we will review on appeal the merits of a zoning decision made by voters. Its reliance is misplaced. In *Dimoulas*, Old Town's planning board recommended against a zoning amendment, which the city's voters nevertheless approved in a special election. The City then filed a complaint for declaratory judgment seeking to have the voter-approved amendment declared void as not conforming to the comprehensive plan, and as an illegal spot zone. For reasons that were unclear to us, the matter went to trial before a jury, which found the amendment to be invalid; the Superior Court entered judgment accordingly. We reviewed the judgment, not the legislative act of the voters, and vacated, finding the amendment did not violate 30–A M.R.S.A. § 4352(2) (1996), and did not create an illegal spot zone. *Id.* ¶ 21, 803 A.2d at 1024.