STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS. CV-08-256
and CV-08-262

*\_ - ⟨εϑ- 7 /₂ /₂ʳo9*

MAINE STATE CHAMBER OF
COMMERCE AND WORKERS'
COMPENSATION COORDINATING
COUNCIL,

Plaintiffs

v.

WORKERS' COMPENSATION
BOARD, STATE OF MAINE

Defendants

And

MAINE COUNCIL OF
SELF INSURERS

Plaintiff

v.

MAINE WORKERS' COMPENSATION
BOARD

Defendant

**DECISION AND ORDER**

Before the court is a consolidated motion for judgment on a stipulated record by the Maine State Chamber of Commerce ("the Chamber"), the Workers' Compensation Coordinating Council ("the Workers Compensation Council"), and the Maine Council of Self Insurers. Plaintiffs seek judicial review, pursuant to 5 M.R.S. § 8058, of a rule promulgated by the Maine Workers' Compensation Board ("the Board").

Facts

39-A M.R.S. § 213 provides that the Board shall review workers' compensation cases involving permanent injury and, every two years, calculate a permanent impairment threshold such that 25% of all injured employees with a permanent impairment ("PI") will exceed that threshold. § 213 further provides that the Board shall do so through the use of an independent actuary utilizing actuarially sound data and methodology. A worker whose PI rating exceeds the resulting PI Threshold will be entitled to extended benefits.

Initially, the actuary retained by the Board made the determination that the 2006 PI Threshold should be set at 12.5%. This determination was made without inclusion of the cases reported to have 0% PI.

The Board then had two of its Hearing Officers review a subset of the 0% cases that were not included in the actuary's calculus. Of the 611 files reviewed, the Hearing Officers concluded that 343 lacked sufficient information to accurately assign any PI rating, and of the 268 that had sufficient information, 183 had a PI rating of 0% and the remaining 85 were something more than 0%.

In light of this data, the Board recalculated its figures and ultimately set the PI threshold at 11.8%. This calculation included not only the 85 cases that were determined to have a PI rating of higher than 0%, but also the 183 cases determined to have a PI rating of 0%.

Plaintiffs seek review of this determination, arguing, *inter alia*, that the Board's decision was arbitrary and capricious due to the inclusion of workers with 0% impairment.

Standard of Review

When an agency rule is challenged in a declaratory judgment action, the standard of review is contained in 5 M.R.S. § 8058. If the rule is procedurally sound, the court may review the rule substantively "to determine whether the rule is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." 5 M.R.S. § 8058(1), *Conservation Law Foundation, Inc. v. Dept. of Env. Protection*, 2003 ME 62, ¶21, 823 A.2d 551, 559. Under a motion for judgment on a stipulated record, the Court may determine any factual issues that arise from the stipulated record, drawing any necessary inferences. *Rufus Deering Co. v. Spike*, 2006 WL 295967, *1 (Me. Super., July 25, 2006) citing *Boston Five Cents Sav. Bank v. Dept of Housing*, 768 F.2d 5, 11-12 (1st Cir. 1985).

Discussion

### I. *Timeliness*

First, the Board argues that the plaintiffs' action should be dismissed as untimely filed under 5 M.R.S. § 11002. However, the 40-day time limitation contained in 5 M.R.S. § 11002 applies to challenges to an agency's adjudicatory decision. When a plaintiff challenges a formal rule, the challenge is treated as a declaratory judgment action. 5 M.R.S. § 8058. Accordingly, the statute of limitations in such actions is six years from the date the cause of action accrues. *Bog Lake Co. v. Town of Northfield*, 2008 ME 37, ¶ 7, 942 A.2d 700, 703.

A rule is defined as "the whole or any part of every regulation, standard, code, statement of policy, or other agency statement of general applicability." 5 M.R.S. § 8002(9)(A). The PI Threshold was promulgated using formal rulemaking procedures, and is an agency statement of general applicability, setting a standard as required under 39-A M.R.S. § 213. Consequently, these

actions are timely as within the general six year statute of limitation for civil actions.

## II. *Inclusion of 0% Permanent Impairment Cases*

The issue is whether the Board's decision to set the 2006 PI Threshold at 11.8% was in accordance with law. 39-A M.R.S. § 213 states that "the board, using an independent actuarial review based upon actuarially sound data and methodology, must adjust the [permanent impairment threshold] so that 25% of all cases with permanent impairment will be expected to exceed the threshold and 75% of all cases with permanent impairment will be expected to be less than the threshold."

Plaintiffs argue that that the Board's 2006 PI Threshold of 11.8% was improper because the 0% cases used in the actuary's calculus did not have a "permanent impairment" for purposes of § 213. As § 213 requires, the PI Threshold is required to be calculated such that the top quartile of cases *with permanent impairment* are above the threshold. Therefore, by including 0% cases that do not have a permanent impairment, the PI Threshold is artificially lowered.

The Board argues that the inclusion of the 0% cases was proper for two reasons. First, the Board argues that the actuary found their inclusion to be reasonable. This reliance is misplaced, however, because the actuary was not in a position to determine which 0% cases could properly be included in the calculus. In other words, the actuary's role was to calculate a threshold using data provided to him by the Board, not to determine which 0% cases reflect a true "permanent impairment" as a matter of law.

Second, the Board argues that some of the 0% cases still show some permanent injury; notwithstanding a 0% PI rating. This argument, however, is discredited by the distinction between permanent *injury* and permanent *impairment*.

A permanent impairment is defined under the Maine Workers' Compensation Act of 1992 as "any anatomic or functional abnormality or loss existing after the date of maximum medical improvement that results from the injury." 39-A M.R.S. § 102(16). Pursuant to 39-A M.R.S. § 153(8)(A), the Board is required to "establish by rule a schedule for determining the *existence* and degree of permanent impairment based upon medically or scientifically demonstrable findings . . ." Accordingly, the Board promulgated Me. W.C.B. Rule, ch. 7, § 6, which adopts the fourth edition of the *American Medical Association Guides* ("the Guides") for that purpose. According to the Guides, it is possible for a person to experience some permanent residual effects (i.e. permanent *injuries*) without having any permanent *impairment*. See, e.g. Guides, 4th ed., DRE Lumbrosacral, Category 1, at p. 102.

Consequently, the fact that some of the cases may involve some form of permanent injury does not mean that all of the 0% cases involve permanent impairment.

Remedy

When an agency's rule is invalidated as arbitrary and capricious pursuant to 5 M.R.S. § 8058, the rule is set aside and declare invalid. Because § 8058 is, in essence, a declaratory judgment action, an accompanying order to remand is inappropriate procedurally. Accordingly, the court GRANTS plaintiffs' motion

for judgment on a stipulated record, and declares the Workers' Compensation Board's 2006 PI Threshold invalid.

August 3(, 2009

Justice Joseph Jabar

MAINE STATE CHAMBER OF COMMERCE - PLAINTIFF

Attorney for: MAINE STATE CHAMBER OF COMMERCE
CATHERINE CONNORS  - RETAINED 07/21/2008
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101


WORKERS' COMPENSATION COORDINATING COUNCIL - PLAINTIFF

Attorney for: WORKERS' COMPENSATION COORDINATING COUNCIL
CATHERINE CONNORS  - RETAINED 07/21/2008
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101


MAINE COUNCIL OF SELF-INSURERS - PLAINTIFF

Attorney for: MAINE COUNCIL OF SELF-INSURERS
KEVIN GILLIS  - RETAINED 11/19/2008
TROUBH & HEISLER
511 CONGRESS ST
PO BOX 9711
PORTLAND ME 04104-5011



vs
MAINE WORKERS' COMPENSATION BOARD - DEFENDANT

'
Attorney for: MAINE WORKERS' COMPENSATION BOARD
JERROL CROUTER  - RETAINED
DRUMMOND WOODSUM & MACMAHON
84 MARGINAL WAY SUITE 600
PORTLAND ME 04101

Attorney for: MAINE WORKERS' COMPENSATION BOARD
JOHN ROHDE  - RETAINED
WORKERS COMPENSATION BOARD
27 STATE HOUSE STATION
AUGUSTA ME 04333-0027


MAINE AFL-CIO - DEFENDANT

'
Attorney for: MAINE AFL-CIO
JAMES CASE  - RETAINED
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 07/15/2008

**Docket Events:**
07/21/2008 FILING DOCUMENT - COMPLAINT FILED ON 07/15/2008

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2008-00256


**DOCKET RECORD**

07/21/2008 Party(s): MAINE STATE CHAMBER OF COMMERCE
ATTORNEY - RETAINED ENTERED ON 07/21/2008
Plaintiff's Attorney: CATHERINE CONNORS

07/21/2008 Party(s): WORKERS' COMPENSATION COORDINATING COUNCIL
ATTORNEY - RETAINED ENTERED ON 07/21/2008
Plaintiff's Attorney: CATHERINE CONNORS

07/21/2008 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 07/21/2008
Plaintiff's Attorney: CATHERINE CONNORS
MAILED TO ATTY. OF RECORD.

08/06/2008 Party(s): MAINE WORKERS' COMPENSATION BOARD
SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 07/29/2008
ACCEPTED BY JOHN C. ROHDE, ESQ. FOR MAINE WORKERS' COMP BOARD

08/13/2008 Party(s): MAINE STATE CHAMBER OF COMMERCE,MAINE WORKERS' COMPENSATION BOARD,WORKERS'
COMPENSATION COORDINATING COUNCIL
MOTION - MOTION FOR CONSOLIDATION FILED ON 08/11/2008

08/13/2008 Party(s): MAINE STATE CHAMBER OF COMMERCE,MAINE WORKERS' COMPENSATION BOARD,WORKERS'
COMPENSATION COORDINATING COUNCIL
MOTION - MOTION TO WAIVE ADR FILED ON 08/11/2008

08/15/2008 Party(s): MAINE STATE CHAMBER OF COMMERCE,MAINE WORKERS' COMPENSATION BOARD,WORKERS'
COMPENSATION COORDINATING COUNCIL
MOTION - MOTION FOR CONSOLIDATION GRANTED ON 08/14/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

08/15/2008 Party(s): MAINE STATE CHAMBER OF COMMERCE,MAINE WORKERS' COMPENSATION BOARD,WORKERS'
COMPENSATION COORDINATING COUNCIL
MOTION - MOTION TO WAIVE ADR GRANTED ON 08/14/2008
JOSEPH M JABAR , JUSTICE
PARTIES NEED NOT ENGAGE IN ALTERNATIVE DISPUE RESOLUTION.                    COPIES TO
ATTYS. OF RECORD.

08/15/2008 Party(s): MAINE WORKERS' COMPENSATION BOARD
ATTORNEY - RETAINED ENTERED ON 08/11/2008
Defendant's Attorney: JERROL CROUTER

08/21/2008 Party(s): MAINE WORKERS' COMPENSATION BOARD
RESPONSIVE PLEADING - ANSWER FILED ON 08/19/2008
Defendant's Attorney: JERROL CROUTER

08/21/2008 Party(s): MAINE WORKERS' COMPENSATION BOARD
ATTORNEY - RETAINED ENTERED ON 08/19/2008
Defendant's Attorney: JOHN ROHDE

09/12/2008 Party(s): MAINE WORKERS' COMPENSATION BOARD
MOTION - OTHER MOTION FILED ON 09/12/2008
Defendant's Attorney: JERROL CROUTER

ASSENTED TO MOTION TO FILE ADMINISTRATIVE RECORD AND BRIEFS UNDER SEAL WITH PROPOSED
ORDER.

09/12/2008 Party(s):  MAINE WORKERS' COMPENSATION BOARD
RESPONSIVE PLEADING - RESPONSE FILED ON 09/12/2008
Defendant's Attorney: JERROL CROUTER
TO MOTION FOR CLARIFICATION.

09/15/2008 Party(s):  MAINE WORKERS' COMPENSATION BOARD
MOTION - OTHER MOTION GRANTED ON 09/15/2008
JOSEPH M JABAR , JUSTICE
ASSENTED TO MOTION TO FILE ADMINISTRATIVE RECORD AND BRIEFS UNDER SEAL WITH PROPOSED
ORDER.                                            COPIES MAILED TO ATTYS.
OF RECORD.

09/25/2008 Party(s):  MAINE WORKERS' COMPENSATION BOARD
OTHER FILING - OTHER DOCUMENT FILED ON 09/24/2008
Defendant's Attorney: JOHN ROHDE
VOLUME I OF THE ADMINISTRATIVE RECORD (INDEX) AND VOLUME IX OF THE ADMINISTRATIVE RECORD

11/19/2008 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 11/19/2008
JOSEPH M JABAR , JUSTICE

11/19/2008 Party(s):  MAINE COUNCIL OF SELF-INSURERS
ATTORNEY - RETAINED ENTERED ON 11/19/2008
Plaintiff's Attorney: KEVIN GILLIS

11/19/2008 Party(s):  MAINE COUNCIL OF SELF-INSURERS
MOTION - OTHER MOTION FILED ON 11/19/2008
Plaintiff's Attorney:  KEVIN GILLIS
FOR STIPULATED RECORD AND MEMORANDUM IN SUPPORT OF MOTION.

12/23/2008 Party(s):  MAINE AFL-CIO
ATTORNEY - RETAINED ENTERED ON 12/22/2008
Defendant's Attorney: JAMES CASE

12/23/2008 Party(s):  MAINE AFL-CIO
RESPONSIVE PLEADING - RESPONSE FILED ON 12/22/2008
Defendant's Attorney: JAMES CASE
TO MOTIONS FOR JUDGMENT ON STIPULATED RECORD.

12/23/2008 Party(s):  WORKERS' COMPENSATION COORDINATING COUNCIL
OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/22/2008
Plaintiff's Attorney:  JERROL CROUTER
TO MOTIONS FOR JUDGMENT ON STIPULATED RECORD.

01/05/2009 Party(s):  MAINE COUNCIL OF SELF-INSURERS
OTHER FILING - REPLY MEMORANDUM FILED ON 01/05/2009
Plaintiff's Attorney:  KEVIN GILLIS

01/14/2009 Party(s):  WORKERS' COMPENSATION COORDINATING COUNCIL
OTHER FILING - OTHER DOCUMENT FILED ON 01/13/2009
Defendant's Attorney: JOHN ROHDE

SUPPLEMENT TO ADMININSTRATIVE RECORD.

02/27/2009 HEARING - OTHER MOTION SCHEDULED FOR 05/11/2009 @ 11:00  in Room No.  2
STIPULATED JUDGMENT

03/03/2009 HEARING - OTHER MOTION NOTICE SENT ON 04/03/2009
STIPULATED JUDGMENT

05/12/2009 HEARING - OTHER MOTION HELD ON 05/11/2009
JOSEPH M JABAR , JUSTICE
STIPULATED JUDGMENT                                              ATTYS. PRESENT.
COURT TO TAKE MATTER UNDER ADVISEMENT.

05/12/2009 Party(s):  MAINE COUNCIL OF SELF-INSURERS
MOTION - OTHER MOTION UNDER ADVISEMENT ON 05/11/2009
FOR STIPULATED RECORD AND MEMORANDUM IN SUPPORT OF MOTION.

05/15/2009 Party(s):  MAINE STATE CHAMBER OF COMMERCE
LETTER - FROM PARTY FILED ON 05/15/2009
Plaintiff's Attorney:  CATHERINE CONNORS
LETTER REGARDING DRAFT ORDERS.

09/02/2009 FINDING - JUDGMENT DETERMINATION ENTERED ON 08/31/2009
JOSEPH M JABAR , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

ORDER - STIPULATED JUDGMENT ENTERED ON 08/31/2009
JOSEPH M JABAR , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL
Judgment entered for MAINE STATE CHAMBER OF COMMERCE and against WORKERS' COMPENSATION
COORDINATING COUNCIL.

09/02/2009 FINDING - FINAL JUDGMENT CASE CLOSED ON 09/02/2009

09/02/2009 Party(s):  MAINE COUNCIL OF SELF-INSURERS
MOTION - OTHER MOTION GRANTED ON 08/31/2009
JOSEPH M JABAR , JUSTICE
FOR STIPULATED RECORD AND MEMORANDUM IN SUPPORT OF MOTION.

A TRUE COPY
ATTEST:  _____
                  Clerk

MAINE COUNCIL OF SELF INSURERS - PLAINTIFF

Attorney for: MAINE COUNCIL OF SELF INSURERS
KEVIN GILLIS  - RETAINED 07/24/2008
TROUBH & HEISLER
511 CONGRESS ST
PO BOX 9711
PORTLAND ME 04104-5011


MAINE STATE CHAMBER OF COMMERCE - PLAINTIFF

Attorney for: MAINE STATE CHAMBER OF COMMERCE
KATHARINE I RAND  - RETAINED 08/11/2008
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101


vs
MAINE WORKERS COMPENDATION BOARD - DEFENDANT
27 STATE HOUSE STATION,
AUGUSTA ME 04333
Attorney for: MAINE WORKERS COMPENDATION BOARD
JERROL CROUTER  - RETAINED
DRUMMOND WOODSUM & MACMAHON
84 MARGINAL WAY SUITE 600
PORTLAND ME 04101

Attorney for: MAINE WORKERS COMPENDATION BOARD
JOHN ROHDE  - RETAINED
WORKERS COMPENSATION BOARD
27 STATE HOUSE STATION
AUGUSTA ME 04333-0027


SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2008-00262

**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 07/24/2008

## Docket Events:
07/25/2008 FILING DOCUMENT - COMPLAINT FILED ON 07/24/2008

07/28/2008 Party(s):  MAINE COUNCIL OF SELF INSURERS
           ATTORNEY - RETAINED ENTERED ON 07/24/2008
           Plaintiff's Attorney: KEVIN GILLIS

07/28/2008 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 07/28/2008

08/13/2008 Party(s):  MAINE COUNCIL OF SELF INSURERS,MAINE WORKERS COMPENDATION BOARD
           MOTION - MOTION FOR CONSOLIDATION FILED ON 08/11/2008
           WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

08/13/2008 Party(s):  MAINE COUNCIL OF SELF INSURERS,MAINE WORKERS COMPENDATION BOARD
           MOTION - MOTION ALTER/AMEND ORDER/JUDG FILED ON 08/11/2008
           WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

08/13/2008 Party(s):  MAINE COUNCIL OF SELF INSURERS,MAINE WORKERS COMPENDATION BOARD

MOTION - MOTION TO WAIVE ADR FILED ON 08/11/2008

08/15/2008 Party(s):   MAINE COUNCIL OF SELF INSURERS,MAINE WORKERS COMPENDATION BOARD
           MOTION - MOTION FOR CONSOLIDATION GRANTED ON 08/14/2008
           JOSEPH M JABAR , JUSTICE
           COPIES TO PARTIES/COUNSEL

08/15/2008 Party(s):   MAINE COUNCIL OF SELF INSURERS,MAINE WORKERS COMPENDATION BOARD
           MOTION - MOTION ALTER/AMEND ORDER/JUDG GRANTED ON 08/14/2008
           JOSEPH M JABAR , JUSTICE
           COPIES TO PARTIES/COUNSEL

08/15/2008 Party(s):   MAINE COUNCIL OF SELF INSURERS,MAINE WORKERS COMPENDATION BOARD
           MOTION - MOTION TO WAIVE ADR GRANTED ON 08/14/2008
           JOSEPH M JABAR , JUSTICE

08/15/2008 Party(s):   MAINE WORKERS COMPENDATION BOARD
           ATTORNEY - RETAINED ENTERED ON 08/11/2008
           Defendant's Attorney: JERROL CROUTER

08/15/2008 Party(s):   MAINE STATE CHAMBER OF COMMERCE
           ATTORNEY - RETAINED ENTERED ON 08/11/2008
           Plaintiff's Attorney: KATHARINE I RAND

08/21/2008 Party(s):   MAINE WORKERS COMPENDATION BOARD
           RESPONSIVE PLEADING - ANSWER FILED ON 08/19/2008
           Defendant's Attorney: JERROL CROUTER

08/21/2008 Party(s):   MAINE WORKERS COMPENDATION BOARD
           ATTORNEY - RETAINED ENTERED ON 08/19/2008
           Defendant's Attorney: JOHN ROHDE

09/12/2008 Party(s):   MAINE WORKERS COMPENDATION BOARD
           MOTION - OTHER MOTION FILED ON 09/12/2008
           Defendant's Attorney: JERROL CROUTER
           ASSENTED TO MOTION TO FILE ADMINISTRATIVE RECORD AND BRIEFS UNDER SEAL WITH PROPOSED
           ORDER.

09/12/2008 Party(s):   MAINE WORKERS COMPENDATION BOARD
           RESPONSIVE PLEADING - RESPONSE FILED ON 09/12/2008
           Defendant's Attorney: JERROL CROUTER
           TO MOTION FOR CLARIFICATION

09/12/2008 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 09/12/2008
           JOSEPH M JABAR , JUSTICE

09/15/2008 Party(s):   MAINE COUNCIL OF SELF INSURERS,MAINE STATE CHAMBER OF COMMERCE
           MOTION - MOTION FOR LEAVE FILED ON 09/15/2008
           Plaintiff's Attorney:  JAMES CASE
           TO FILE AS AMICUS CURIAE AND INCORPORATED MEMORANDUM OF LAW WITH PROPOSED ORDER.

09/16/2008 OTHER FILING - OTHER DOCUMENT FILED ON 09/15/2008
           Defendant's Attorney: JERROL CROUTER

RECORD FILED. (SEALED)  IN VAULT

09/23/2008 Party(s):  MAINE WORKERS COMPENDATION BOARD
NOTE - OTHER CASE NOTE ENTERED ON 09/23/2008
ATTY ROHDE'S COPY OF 9/15/08 ORDER RETURNED BY USPS. ADDRESS CHANGED. NOTIFIED ATTY ROHDE
TO CHANGE ADDRESS WITH AOC

09/24/2008 Party(s):  MAINE COUNCIL OF SELF INSURERS,MAINE STATE CHAMBER OF COMMERCE
LETTER - FROM PARTY FILED ON 09/24/2008
Plaintiff's Attorney:  KATHARINE I RAND
NO OBJECTION TO MOTION FOR LEAVE.

09/25/2008 Party(s):  MAINE WORKERS COMPENDATION BOARD
OTHER FILING - OTHER DOCUMENT FILED ON 09/24/2008
Defendant's Attorney: JOHN ROHDE
VOLUME I OF THE ADMINISTRATIVE RECORD (INDEX) AND VOLUME IX OF THE ADMINISTRATIVE RECORD

10/17/2008 Party(s):  MAINE COUNCIL OF SELF INSURERS,MAINE STATE CHAMBER OF COMMERCE
MOTION - MOTION FOR LEAVE GRANTED ON 10/17/2008
JOSEPH M JABAR , JUSTICE
THE DEADLINE SET FOR THE FILING OF THE DEFENDANT'S BRIEF AS SHALL BE INDICATED IN THE
BRIEFING SCHEDULE TO BE ISSUED BY THE COURT.                COPIES MAILED TO ATTYS. OF
RECORD.

11/19/2008 Party(s):  MAINE COUNCIL OF SELF INSURERS,MAINE STATE CHAMBER OF COMMERCE
OTHER FILING - OTHER DOCUMENT FILED ON 11/19/2008
Plaintiff's Attorney:  KATHARINE I RAND
MEDICAL RECORDS FILED IN VAULT.

11/19/2008 Party(s):  MAINE COUNCIL OF SELF INSURERS,MAINE STATE CHAMBER OF COMMERCE
MOTION - OTHER MOTION FILED ON 11/19/2008
Plaintiff's Attorney:  KATHARINE I RAND
MOTION FOR JUDGMENT ON STIPULATION RECORD AND INCORPORATED MEMORANDUM OF LAW

01/05/2009 Party(s):  MAINE WORKERS COMPENDATION BOARD
OTHER FILING - REPLY MEMORANDUM FILED ON 01/02/2009
Defendant's Attorney: KATHARINE I RAND
IN SUPPORT OF MOTION FOR JUDGMENT ON STIPULATED RECORD.

02/27/2009 HEARING - OTHER MOTION SCHEDULED FOR 05/11/2009 @ 11:00  in Room No.  2
STIPULATED JUDGMENT

03/03/2009 HEARING - OTHER MOTION NOTICE SENT ON 03/03/2009
STIPULATED JUDGMENT

05/12/2009 HEARING - OTHER MOTION HELD ON 05/11/2009
STIPULATED JUDGMENT                                          ATTYS. OF
RECORD PRESENT. ORAL ARGUMENTS MADE TO THE COURT. COURT TO TAKE  MATTER UNDER ADVISEMENT.

05/12/2009 Party(s):  MAINE COUNCIL OF SELF INSURERS,MAINE STATE CHAMBER OF COMMERCE
MOTION - OTHER MOTION UNDER ADVISEMENT ON 05/11/2009
MOTION FOR JUDGMENT ON STIPULATION RECORD AND INCORPORATED MEMORANDUM OF LAW

09/02/2009 FINDING - JUDGMENT DETERMINATION ENTERED ON 08/31/2009
JOSEPH M JABAR , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

ORDER - STIPULATED JUDGMENT ENTERED ON 08/31/2009
JOSEPH M JABAR , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL
Judgment entered for MAINE COUNCIL OF SELF INSURERS and against MAINE WORKERS COMPENDATION
BOARD.


09/02/2009 FINDING - FINAL JUDGMENT CASE CLOSED ON 09/02/2009


A TRUE COPY
ATTEST:  _____
                    Clerk