STATE OF MAINE                                   SUPERIOR COURT
CUMBERLAND, ss                                   CIVIL ACTION
                                                 DOCKET NO. CV-21-381

DALE HOLMAN,

                  Plaintiff

v.                                               ORDER

CITY OF PORTLAND,                                REC'D CUMB CLERKS OF
                                                 MAR 8 '22 PM12:59

                  Defendant


Before the court are two motions: a motion by plaintiff Dale Holman for a preliminary injunction and a motion by defendant City of Portland to dismiss Holman's complaint. The court will first address the motion to dismiss because if Holman's complaint is subject to dismissal, the court does not have to reach his motion for a preliminary injunction.

Holman's complaint alleges that a 1997 zoning change by the City of Portland was invalid because proper procedures were not followed. He seeks declaratory and injunctive relief, alleging that the rezoning violated a statutory requirement that the public have an opportunity to be heard, that the rezoning was not consistent with the City's comprehensive plan, and that the rezoning constituted a nuisance because it has interfered with Holman's use and enjoyment of his land, specifically because it has made his land subject to stormwater flooding.

Holman's complaint is barred by the statute of limitations. 14 M.R.S. § 752 provides that, with certain exceptions not applicable here, "[a]ll civil actions . . . must be commenced within 6 years after the cause of acti9n accrues and not afterwards . . ." A cause of action accrues when the plaintiff receives a judicially cognizable injury, and any injury that might have been sustained by

Holman in this case occurred at the time of the zoning change in 1997. *See Bog Lake Co. v. Town of Northfield,* 2008 ME 37 ¶¶ 7-8, 942 A.2d 700.

Although Holman alleges that the public was not given adequate notice of the zoning change, the papers annexed to his complaint demonstrate that he was aware of the rezoning at least as of the fall of 2014. Even if Holman's awareness of the zoning change were somehow to be accepted as the accrual date, Holman waited more than six years before commencing this action. The court is also not aware of any authority for the proposition that a zoning change can constitute a private or public nuisance, let alone a zoning change that occurred in 1997 and that has been in effect for 25 years.

The entry shall be:

Defendant City of Portland's motion to dismiss the complaint is granted. Plaintiff Holman's motion for a preliminary injunction is dismissed as moot. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March _8_, 2022

Thomas D. Warren
Active Retired Justice, Superior Court

Entered on the Docket: 03/08/22

Plaintiff-Pro Se
Defendant-Jennifer Thompson, Esq.

2