## JOSEPH HARRIS v. CHARLES KRAUSE, JR.

1. At common law the remedy for a person whose property was wrongly taken in execution is by action of replevin, or trespass, or trover. This remedy remains unimpaired by the thirty-second section of the "Act concerning executions" (*Gen. Stat.,* p. 1420), the object of which was to provide a summary method for the trial of property, to be adopted by the consent of the parties.
2. The thirty-third section of that act provides that if the plaintiff in execution shall indemnify the sheriff against the demand of the claimant, the sheriff shall suspend further proceedings for the trial of the right of property and proceed to sell. *Held,* that the common law mode of redress by action being unimpaired, this provision is not unconstitutional as depriving a party of his property without due process of law.

On rule to show cause why a *mandamus* should not issue.

Argued at November Term, 1896, before Justices DEPUE, MAGIE and GUMMERE.

For the application, *Warren Dixon.*

*Contra, Samuel J. MacDonald.*

The opinion of the court was delivered by

DEPUE, J.    Harris, the respondent in this application, recovered a judgment in this court July 28th, 1896, against Charles F. Krause, for the sum of $259.83, in an action upon contract.    Execution was issued upon the judgment directed to the sheriff of the county of Hudson, in virtue of which the sheriff levied upon certain personal property as the property of the defendant in execution.    Thereupon, Charles Krause, Jr., served on the sheriff a notice in writing, claiming that the goods levied on were his property, and not the property of the defendant in execution.    Upon receiving this claim of property the sheriff notified the plaintiff in execution of this claim, and received from him a satisfactory bond to indemnify him against the claim of the claimant.    The sheriff then advertised the property for sale under the plaintiff's execution.    Before this sale could be effected the claimant applied to a judge of the Court of Common Pleas of Hudson county to summon a jury to try the right of the claimant to the said property, pursuant to section 32 of the "Act concerning executions."    *Gen. Stat., p.* 1420.

The plaintiff having indemnified the sheriff, the judge refused to order a *venire* under the statute.    The claimant, upon such refusal, obtained out of this court a rule to show cause why a *mandamus* should not issue, directed to the said judge, commanding him to try, with a jury, the title to said goods and chattels in the manner provided by the said statute.

The statute provides that the sheriff, immediately upon a claim of property by any other person than the defendant in execution, shall delay sale for ten days, and that the claimant may within that time apply to a judge of the Court of Common Pleas for a *venire* to summon a jury to try the right of the claimant to the property.    But the thirty-third section provides that if the plaintiff in execution shall indemnify the

sheriff against the demand of the claimant, the sheriff shall suspend any further proceedings for the trial of the right of property and proceed to sell.

At common law the remedy for a person whose property was wrongly taken in execution as the property of the defendant in execution, is by action of replevin, or trespass, or trover. This remedy still remains unimpaired by the statute, the object of which was to provide a summary method for the trial of property, to be adopted by the consent of the parties. Chief Justice Beasley, speaking of the kindred provisions contained in the Justice's Court act, says: " What this statute does is this : It offers for their acceptance a mode of trial at once inexpensive and facile, but neither the one nor the other is compelled to resort to it. The plaintiff has the option of presenting his claim or of vindicating his rights of property by an action of replevin or in trespass *de bonis asportatis.* The plaintiff in execution may give bond and compel a sale under his execution, and thus refer the question of title to the ordinary tribunals. But the parties can waive such rights, and at their option accept the easier method of litigation proffered by the legislature." *Berry* v. *Chamberlain,* 24 *Vroom* 463, 468.

The common law mode of redress by action being unimpaired, the contention that the proviso in section 33 was unconstitutional in that it deprived a party of his property without due process of law, is without foundation.

The rule to show cause should be discharged, with costs.