NELL GRACE BENEQUIT, PROSECUTRIX, v. BOROUGH OF MONMOUTH BEACH AND OTTO M. BALL, POLICE RECORDER OF THE BOROUGH OF MONMOUTH BEACH, DEFENDANTS.

Submitted January 16, 1940—Decided June 17, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the prosecutrix, *Quinn & Doremus*.

For the defendants, *Giordano, Golden & Hurley*.

The opinion of the court was delivered by

PORTER, J. This writ of *certiorari* brings up for review the conviction of the prosecutrix on May 11th, 1939, by the Recorder's Court of the borough of Monmouth Beach for the violation of the zoning ordinance.

It appears that the ordinance in question was adopted by the borough on September 9th, 1930, and amended October 25th, 1932. On March 1st, 1938, the prosecutrix became the owner of premises located in what the ordinance referred to as "residence Zone A." On the premises was an old residence property which had been built for about fifty years and which had been unoccupied for about nine years. The prosecutrix without making any structural change or alterations in the building established it as a hotel and has conducted it as such since.

The defendant borough contends that the ordinance prohibits said use and also prohibits a change in the use of any building until a certificate of approval shall be obtained from the proper borough officer which she did not obtain.

Under date of May 4th, 1939, complaint was made against prosecutrix for violation of sections 12 and 17 of the ordinance charging the two offenses above described. She plead not guilty and demanded a trial by jury. She was convicted and sentenced to pay a fine of $200.

The argument on behalf of the prosecutrix is that the conviction should be set aside for two reasons. First, because under the facts there was no violation of the ordinance and secondly, because the ordinance was invalid for the reason that it had not been published in a qualified newspaper as required by statute. *N. J. S. A.* 40:49-2. We think there is no merit to the first point. On the contrary the proofs clearly sustain the conviction. As stated above the charge was for violation of sections 12 and 17 of the ordinance. Section 12 prohibits the erection of a building in a residence zone except for one-family dwellings. However, hotels and apartment houses may be constructed and used in this zone under certain conditions. There are two conditions: (a) "if built on a plot of at least 25,000 square feet" and (b) "providing said building costs at least $100,000." The proofs are that this building did not cost any such sum. It was an old dwelling about fifty years old. There is no competent proof of the original cost of the building, but assuming that it did cost when built over $100,000, as the prosecutrix would have us believe, nevertheless that would be no proof of its present

cost or value. We do not interpret this section to apply to new buildings only. It seems to us to mean both new buildings to be erected for hotel purposes and old buildings to be used for those purposes. When it says the cost to be at least $100,000 it means the value to be that much. We see no reason why it does not mean the same for old as well as for new buildings. The purpose is to have substantial buildings. The yardstick by which to accomplish that is the cost or value of the buildings. It seems unreasonable to say that the ordinance means the original cost of the building irrespective of when built or under what conditions the same was built or what its present condition or value may be. There is no testimony of the present value of the building except that the purchase price paid by the prosecutrix for the land and building was only $3,000 and that the value was not added to by any alterations, improvements or repairs.

Section 17 prohibits a change in the use of any building without first obtaining a certificate of occupancy from the building inspector which certificate shall be issued if the proposed use is in conformity with the ordinance. There was clearly a violation of this section because no such certificate was issued or even applied for. The property was purchased on March 13th, 1938, and its use was immediately changed to hotel purposes. The prosecutrix argues that a compliance with this provision was impossible because there was no one in fact holding office as building inspector. Not so. The proofs are that the mayor was duly acting as such building inspector. Moreover, this point was not raised at the trial and she may not now be heard on it.

Nor do we find any merit to the second point argued. This ordinance had been in effect for over nine years and presumably citizens had conformed to its provisions and their status as property owners became fixed accordingly. The prosecutrix recognized the ordinance under date of February 15th, 1938, when she caused a letter to be sent the defendant borough stating that she had purchased the property, that it was located in a zone wherein business was prohibited and applying "for a special exception to the terms of the zoning ordinance permitting the above mentioned premises to be

licensed for a first class hotel." She did not attack the validity of the ordinance. Assuming that the ordinance was not published in a qualified newspaper such irregularity was merely procedural and the prosecutrix under these facts and circumstances was guilty of laches which bars her right to complain. The general rule is stated in 43 *C. J.* 526, § 812, as follows: "Subject to the limitation that non-compliance with merely formal requirements in the *manner* of enacting an ordinance is generally considered by the courts as no ground for declaring it void." *Cf. Noe* v. *West Hoboken,* 37 *Atl. Rep.* 439; *Ninth Street Improvement Co.* v. *Ocean City,* 90 *N. J. L.* 106; *West Essex Building and Loan Association* v. *Caldwell,* 112 *Id.* 466; *Logan* v. *Boonton,* 87 *Id.* 449 (at *p.* 454). Also *Cf. Camden* v. *Mulford,* 26 *Id.* 49; *Clark* v. *Elizabeth,* 61 *Id.* 565. Where there is no laches, however, and an ordinance is attacked within a reasonable time after its enactment formal or procedural defects will not be tolerated and will cause it to be set aside. *Cf. Reed* v. *Mayor, &c., of Woodcliff,* 60 *Atl. Rep.* 1128; *Cardillo* v. *Bound Brook,* 3 *N. J. Mis. R.* 249, and *Root* v. *Mayor, &c., of Jersey City,* 5 *Id.* 973.

For these reasons the conviction is sustained and the writ dismissed, with costs.