WALKER, et al. *v.* CITY OF BILOXI

No. 40295 January 21, 1957 92 So. 2d 227

*Rushing & Guice,* Biloxi, for appellants.

*Thos. J. Wiltz,* Biloxi, for appellee.

ARRINGTON, J.

This appeal is from a decree of the Chancery Court of Harrison County enjoining the appellants from the operation of a commercial business in a residential district of the City of Biloxi in violation of a zoning ordinance. The City of Biloxi filed its bill of complaint against the appellants alleging substantially the following facts:

Mrs. Myrtle Walker was the owner of the west seventy-seven feet of Lot 10, Block 2, Keller Addition (Avondale), on which property there is a two-story building facing Highway 90 and Beach Boulevard; that Mrs. Walker purchased the property in November 1950; that the property was located in a residential section; that during the year 1952 the appellant, Mrs. Deedy Baxter, with the assistance and acquiescence of the appellant Mrs. Walker, started the operation of a ladies'-ready-to-wear shop in the residence; that the operation of the commercial business was in violation of the zoning ordinance of the City of Biloxi, and also that it constituted a nuisance; that on May 16, 1940, the City of Biloxi adopted a zoning ordinance, No. 790, which classified the prop-

erty of the City of Biloxi into five districts, namely: (1) single family residence districts; (2) two family residence districts; (3) general residence districts; (4) commercial districts, and (5) industrial districts. The property of the appellant, Mrs. Walker, was located in a two-family residence district and any commercial business was prohibited in said district.

The appellants answered the bill admitting the operation of the commercial business and contended that the ordinance establishing the zoning districts was void, and in addition thereto, plead other affirmative defenses.

The chancellor, after a full hearing in which a number of witnesses testified, found that the premises of the aplellant, Mrs. Baxter, was in a residential neighborhood and that the operation of the commercial business was in violation of the zoning ordinance of the City of Biloxi, and further found that the operation of the business constituted a nuisance and enjoined the appellant, Mrs. Walker, from the use and rental of said property for commercial purposes in connection with said use as a commercial activity, and enjoined the appellant, Mrs. Baxter, from further violation of the zoning ordinance in the operation of the ladies'-ready-to-wear shop.

The sole question before us is the validity of the zoning ordinance. Counsel for appellant argues with much force that the ordinance was void in that the municipal authorities did not comply with Sections 3592 and 3593 of the Mississippi Code of 1942, which sections set out the procedure to be followed in adopting zoning laws, and cite the case of Morris v. City of Columbia, 184 Miss. 342, 186 So. 292. Our examination of the record reveals that the municipality did not follow the procedure announced in the above cited case; that although notice was given, it was not for fifteen days as required by the statute. It further appears that a hearing was held and the ordinance later adopted on May 15, 1940. This did not comply with the law. Brooks, et al v. City of Jackson, et al, 211 Miss, 246, 51 So. 2d 274. If timely

attack had been made in the case at bar, we would have to hold that the ordinance was void as was held in the cited cases; however, in those cases timely attack was made on the ordinances involved. The case now before us presents a different question. The record shows that this ordinance has been in effect since 1940, and has been amended thirty-two times. It is also shown that the population of the City of Biloxi, according to the 1940 census, was 17,475; in 1950, the population was 37,425; that 7100 permits have been issued up to the time of the trial of this cause under the ordinance in question and the amendments thereto; that these permits reflected millions of dollars in expenditures; that houses are being constructed in the residential districts. The general public of the City of Biloxi has recognized the ordinance and acted under it. The appellants in this case have obtained permits and licenses under the ordinance.

 "Waiver, estoppel or laches may operate under certain circumstances to preclude relief against zoning ordinances or regulations. This may be true with respect to defects and irregularities in the mode of enactment of a zoning ordinance. Even with respect to a challenge to the validity of a zoning ordinance, based on a person's constitutional rights, they are private rights that may have been waived by not being invoked." 8 McQuillin, Municipal Corporations, 3rd Ed., Sec. 25.-291.

"Property owner cannot attack validity of zoning ordinance because of noncompliance with formal requirements in manner of its enactment, where it has been recognized by him and has been in effect for more than nine years at time objections are asserted. Benequit v. Borough of Monmouth Beach, 125 N. J. L. 65, 13 A. 2d 847." Footnote 41, 8 McQuillin, page 552.

It was also held in Benequit v. Borough etc., supra, that "Where there is no laches, however, and an ordi-

nance is attacked within a reasonable time after its enactment, formal or procedural defects will not be tolerated and will cause it to be set aside.''

In City of Creston v. Center Milk Products Co., 51 N. W. 463 (Iowa), the Court, in upholding and ordinance, said:

''For twenty-one years the public acquiesced in and permitted the exercise of authority, under the Zoning Ordinance, throughout the City. During this time and in reliance upon the validity of the ordinance there have been changes in conditions involving extensive property interests. An adjudication that the ordinance never took effect, because of the failure to strictly comply with the statute requiring its publication after its adoption, would result in much confusion and loss. Such a sacrifice should not be demanded upon merely techincal grounds. Under the circumstances the doctrine of estoppel is applicable. After such long acquiescence by the public with the results above stated, no one may contend the ordinance never took effect because of irregular publication.'' (Citing cases)

 ■ In view of our conclusion on this question, we do not consider the nuisance aspect of the case. Under the facts and circumstances of this case, we are of the opinion that the ordinance should be upheld. On the other questions raised by the appellant, the chancellor's finding on the conflicting testimony disposes of these questions, and we think there is ample evidence to support the same.

The motion to dismiss this appeal, which was passed until consideration of the case on its merits, is dismissed.

It follows from what we have said that the decree of the court below is affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Ethridge* and *Gillespie,* JJ., concur.