# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 98-CA-00280-SCT

*SOUTHLAND MANAGEMENT d/b/a EAST COLUMBIA APARTMENTS; SOUTHLAND MANAGEMENT d/b/a COLUMBIA DEVELOPMENT PROGRAMS, INC.; COLUMBIA ASSOCIATES L. P. HANCOCK PROPERTIES d/b/a MARION MANOR; COLUMBIA APARTMENTS LTD. d/b/a NORTHWOOD VILLA APARTMENTS; AND SUNBELT MANAGEMENT COMPANY d/b/a CATHERINE MANOR*

*v.*

*CITY OF COLUMBIA, MISSISSIPPI*

### ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 01/21/1998 |
| TRIAL JUDGE: | HON. JAMES H. C. THOMAS, JR. |
| COURT FROM WHICH APPEALED: | MARION COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | JAMES COLEMAN RHODEN |
| ATTORNEY FOR APPELLEE: | WILLIAM C. CALLENDER |
| NATURE OF THE CASE: | CIVIL - UTILITY RATE |
| DISPOSITION: | MOTION FOR REHEARING DENIED - 7/29/1999 |
| MOTION FOR REHEARING FILED: | 05/20/1999 |

MANDATE ISSUED: August 5, 1999

**EN BANC.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On May 6, 1999, we issued our per curiam affirmance of the chancellor's judgment in this case. The appellant, Southland Management ("Southland"), has filed its motion for rehearing, asking this Court to reconsider our decision affirming the chancellor's ruling denying Southland its requested relief. Finding no error on the part of the chancellor in this case, we deny the appellant's motion for rehearing.

¶2. Southland manages five apartment complexes located in the appellee City of Columbia, Mississippi. On November 3, 1970, the Mayor and Board of Aldermen of the City of Columbia adopted an order which, in effect, increased the amount Southland would be charged for water for each of its five complexes. Southland filed suit in chancery court on November 7, 1994, alleging that the city charged Southland for water and sewer services in amounts not authorized by the ordinances. Southland also alleged that the city arbitrarily imposed other charges on it.

¶3. On June 2, 1995, the Marion County Chancery Court concluded that because the November 3, 1970, order or resolution was not given the statutory required notice by publication and recordation, it was unenforceable. The city then adopted, as an ordinance, the order of November 3, 1970, and gave the required notice of publication. Southland protested and on October 22, 1996, a hearing was held. On January 21, 1998, the chancery court rendered a judgment denying Southland's relief.

¶4. The chancellor, Honorable James H.C. Thomas, Jr., in his June 2, 1995, judgment, found the issue before him involved determining whether the order in question was actually an order or an ordinance. He correctly concluded that the November 3, 1970, order was an ordinance and was "unenforceable until given the statutorily required notice by publication and recordation." Chancellor Thomas noted:

> An ordinance and order are distinguished in ***Evans v. City of Jackson,*** 30 So.2d 315, [317] ([Miss.] 1947), where the Supreme Court of Mississippi provided the following guidance,

> An ordinance is enacted to regulate continuing conditions, and constitutes a permanent rule of government. An order deals with temporary powers, and when it has been promulgated and accomplished its purposes, it ceases to have further potentiality. Its usefulness usually ends with the performance of directions. An ordinance generally continues to operate until formally repealed. . . .

The city then adopted, recorded, and published Ordinance No. 465, which amended the existing ordinance and specifically included the 1970 billing policy.

¶5. The chancellor, in his final judgment of January 21, 1998, stated that Ordinance No. 465 is a valid exercise of municipal governmental affairs absent an inequality in treatment of the classes created for water rate application. The chancellor was correct in finding that it is within the authority of the city to create separate classes of water users provided users in a like class are treated equally. There was no evidence presented to support Southland's claim that it was treated or billed any differently than any other multiple-family dwelling units which had chosen to only use one water meter for all of their residents.

¶6. The chancellor concluded his final judgment by finding:

> The pattern of conduct and election by each plaintiff to comply with the prevailing order of 1970 rather than install separate meters for each multiple-family user tilts the balance towards Defendant; especially in view of the finding that each of the Plaintiffs created their multiple-family units considerably after the 1970 Order and there is no finding of unfairness due to lack of actual notice by Defendant of its water rate policies. This finding is in keeping with the holding in ***Walker v. City of Biloxi***, 92 So. 2d 227 (Miss. 1957) which applied waiver, estoppel and laches in challenging the irregularities and defects of an ordinance after 24 years of application.

¶7. This Court held in ***Walker v. City of Biloxi,*** 229 Miss. 890, 92 So.2d 227 (1957), that once an ordinance, though technically noncompliant with statutory dictates in its publication and recordation, has been recognized by the community and given effect by the local government for many years, it will not be struck down by this Court for its technical failings. Today, we find that ***Walker*** is dispositive in the case *sub judice*.

¶8. Finding no error in the chancellor's final judgment, we affirm. As a result, the appellant's motion for rehearing is denied.

¶9. MOTION FOR REHEARING DENIED.

PRATHER, C.J., SULLIVAN, P.J., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB JJ., CONCUR.