BRIDGES, J.,
for the Court:
¶ 1. This case appears before the Court on appeal from the Circuit Court of Jackson County. Appellants contest the validity of a building permit issued to the Ocean Springs Yacht Club by the City Planning Commission and approved by the Mayor and Board of Aldermen of Ocean Springs. The appellants assail the procedure followed by the City of Ocean Springs in determining whether or not to grant the *1030 permit as well as the quality of evidence considered by the trial court sitting in review of the Board of Aldermen and City Planning Commission. The appellants allege the following as error
I. WHETHER THE CIRCUIT COURT OF JACKSON COUNTY HAD SUBSTANTIAL CREDIBLE EVIDENCE TO SUPPORT THE CITY’S DECISION TO ISSUE A BUILDING PERMIT FOR THE OSYC.
II. WHETHER THE CITY OF OCEAN SPRINGS MAY RELY UPON THE VALIDITY OF A TECHNICALLY NON-COMPLIANT ZONING ORDINANCE AMENDMENT PASSED IN 1977
Finding no merit in either allegation of error, we affirm.
FACTS
¶ 2. The appellants, acting pro se in this action, live in Ocean Springs in a residential neighborhood that is also home to the Ocean Springs Yacht Club (OSYC). In 1959, the City enacted a comprehensive zoning ordinance that designated the property that the OSYC occupies as “Residential ‘A’ ”. In 1970, the City enacted an ordinance which amended the 1959 ordinance to include the operation of a yacht club as an approved use of ‘Residential A’ property. In 1976, the City enacted a new Comprehensive Zoning Ordinance to replace the 1959 ordinance, zoning the property in question as “R-l Residential”. Fourteen days later, the City approved City Ordinance 1-1977, which specifically authorized the operation of a yacht club on the subject property.
¶ 3. The OSYC has operated on the property in question continuously since 1977. In 1988, the City granted a permit to OSYC to reconstruct a 400 foot pier after the previous one was destroyed by Hurricane Elena. In 1993, OSYC sought permission from the City to expand the 400 foot pier. Appellants in this case objected vigorously to the proposed expansion and to the general operation of the OSYC in that particular location, alleging the zoning of the property is inconsistent with its use. The City Planning Commission discussed the request with the city attorney and the city attorney issued an opinion letter expressing his belief that the extension of the pier was appropriate under the current R-l status, making rezoning unnecessary. Immediately thereafter, the City Planning Commission denied OSYC’s rezoning request and recommended that the City approve a building permit for the pier extension instead. A budding permit was issued in 1997 and the issuance of the permit was upheld by the Circuit Court of Jackson County.
STANDARD OF REVIEW
¶ 4. The Mississippi Supreme Court stated that neither they nor the circuit court should sit as a super-zoning commission. City of Biloxi v. Hilbert, 597 So.2d 1276, 1281 (Miss.1992). The appellate court should not determine whether it would adopt the ordinance in question, instead it should determine whether the City’s decision to adopt the ordinance is reasonable and supported by substantial evidence. City of Biloxi, 597 So.2d at 1281; Ridgewood Land Co. v. Simmons, 243 Miss. 236, 137 So.2d 532 (1962). The decisions of municipal authorities in zoning matters, because they are legislative decisions, are presumed valid. Woodland Hills Conservation Ass’n, Inc. v. City of Jackson, 443 So.2d 1173, 1180 (Miss.1983). In examining a zoning order issued by a city council, the circuit court sits as an appellate court, with a restricted scope of judicial review. Ridgewood Land Co. v. Moore, 222 So.2d 378, 379 (Miss.1969). To be reversed, the order must be shown to be arbitrary, capricious, discriminatory, beyond the legal authority of the City Board or unsupported by substantial evidence. Ridgewood Land Co., 222 So.2d at 379.
*1031 LEGAL ANALYSIS
I. WHETHER THE CIRCUIT COURT OF JACKSON COUNTY HAD SUBSTANTIAL CREDIBLE EVIDENCE TO SUPPORT THE CITY’S DECISION TO ISSUE A BUILDING PERMIT FOR THE OSYC.
¶ 5. The record reflects that the Mayor and Board of Aldermen were anything but arbitrary and capricious in determining the fate of the pier extension. It appears that they followed existing statutory law by heeding the Comprehensive Zoning Ordinance regulations and seeking the advice of the city attorney on the proper application of those regulations to the instant case. Section 401 of the Comprehensive Zoning Ordinance (CZO) of Ocean Springs governs areas zoned as R-1. Of course, while the principle use of R-l land is single family dwellings, other uses are expressly permitted, like a country club. Yacht clubs and country clubs are defined identically under this section of the CZO. City ordinance 1-1977, unanimously approved by the Mayor and Board of Aldermen, specifically states that the parcel of land on which the OSYC sits can be used for country club purposes, which is synonymous with yacht club purposes as defined in other CZO sections.
¶ 6. Section 409.2 of the CZO defines a zone called C-4-B, which applies to commercially limited marinas and allows yacht clubs to operate in those areas. Appellants seem to argue that because there is a C-4-B zone, that area should be the only zone where a yacht club can operate. Nothing in the CZO dictates a yacht club designation must be and can only be placed in a C-4-B zone. This is glaringly apparent when considered in light of other ordinances passed to the contrary specifically allowing the OSYC to operate in then-current location.
¶ 7. Appellants also argue that the pier will be extended into the water, which is not zoned for R-l use and not really zoned at all. All of the riparian rights aside, the OSYC has used the water in front of the property since the early 1970’s, and the use of water areas falls under the purview of the Mississippi Bureau of Marine Resources which has already approved the pier extension in question.
¶ 8. Much of what appellants argue in their brief is irrelevant and has no bearing on the 1997 building permit, but rather the process and procedures that were followed years earlier in regard to securing the location for the OSYC in their neighborhood. After applying existing zoning law and considering the recommendation of the City attorney, the Mayor and Board of Aldermen denied the zoning request as unnecessary. Another administrative agency issued the building permit based upon the same guidelines and evidence. Certainly this evidence presented to the trial court far and away meets the arbitrary and capricious standard set forth above.
II. WHETHER THE CITY OF OCEAN SPRINGS MAY RELY UPON THE VALIDITY OF A TECHNICALLY NON-COMPLIANT ZONING ORDINANCE AMENDMENT PASSED IN 1977
¶ 9. The appellants’ second allegation rests upon the fact that Miss. Code Ann. § 17-1-17 (Rev.1995) requires fifteen days notice before zoning ordinances may be amended and Ordinance 1-1977 was amended only fourteen days after the 1976 Comprehensive Zoning Ordinance was adopted. Therefore, they allege, Ordinance 1-1977 must be invalid. The appellants ignore the obvious in that they are twenty years too late in bringing this complaint. Both the City of Ocean Springs and the OSYC have relied upon the legality of the ordinance for over two decades.
¶ 10. The Mississippi Supreme Court addressed a similar situation in Walker v. City of Biloxi, stating that the doctrines of waiver, estoppel and laches apply in challenging the irregularities and defects of an ordinance years after its *1032 application. Walker v. City of Biloxi, 229 Miss. 890, 92 So.2d 227, 229 (1957). Once an ordinance, though technically noncom-pliant with statutory dictates in its publication and recordation, has been recognized and relied upon by the community and given effect by the local government for many years, it will not be struck down due to technical failings. Southland Management v. City of Columbia, 744 So.2d 774, 776 (Miss.1999) (citing Walker, 92 So.2d at 229).
¶ 11. The OSYC operated as a yacht club in that location for over twenty years. It conducted business as such by accepting new members, improving the property with a swimming pool and clubhouse and adding a pier for use by its members. Though the ordinance was amended fourteen days after notice was given instead of the fifteen days as required by law, this error is of the most technical variety. Having been relied upon by the community in the aforementioned ways, this Court will not strike the amendment down due to noncompliance. Thus, appellants second allegation of error fails. Having considered the arguments submitted by appellants and found them without merit, the decision of the lower court is hereby, Affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.