# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CT-00710-SCT

*RIVERSIDE TRAFFIC SYSTEMS, INC., LEHMAN-ROBERTS COMPANY AND DAVID BOYD FARR, EXECUTOR OF THE LAST WILL AND TESTAMENT OF BOOKER FARR, DECEASED*

*v.*

*ROBIN BOSTWICK, ERIC FROHN, ALLEN MAXWELL, HERBERT G. ROGERS, III AND RAY TATE*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/28/2009 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | KATHRYN H. HESTER |
| | EDWARD PATRICK LANCASTER |
| | ANTHONY RHETT WISE |
| ATTORNEYS FOR APPELLEES: | WILLIAM O. RUTLEDGE, III |
| | VALARIE BLYTHE HANCOCK |
| | LAURANCE NICHOLAS CHANDLER ROGERS |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS VACATED AND THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY IS REINSTATED AND AFFIRMED - 11/17/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1. Today, this Court is called upon to determine whether the Union County Circuit Court erred in finding that the City of New Albany Board of Aldermen's ("the City") decision that a tract of land ("Farr tract") had been legally rezoned from agricultural to industrial was arbitrary and capricious and that the City failed to give statutorily required notice before changing the zoning designation. We find that the circuit court did not err in finding that the City acted arbitrarily and capriciously, in finding that the City failed to give statutorily required notice, and in concluding that the property should remain zoned for agricultural use. Accordingly, we vacate the Court of Appeals' holding and reinstate the judgment of the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2. The land at issue ("the Farr tract") was annexed into the City of New Albany in or around 1968. At that time, the City zoned the Farr tract for agricultural use.

¶3. In 1996, the owner of a tract adjacent to the Farr tract applied for and received a zoning change, changing that tract's zoning designation from agricultural to industrial. Following that zoning change, an asphalt plant was built on the adjacent tract.

¶4. In 1997, the City of New Albany adopted a Comprehensive Zoning Plan, including a new zoning map. The 1997 zoning map erroneously showed the Farr tract as zoned for industrial use. The 1997 map is the first time the Farr tract was described as zoned for industrial use. The record reveals no evidence that, prior to the 1997 zoning map, the City sought a change in the zoning of the Farr tract or undertook any other prescribed procedures for changing the land's zoning designation.

¶5.     In 1999 and 2000, the City undertook a round of property annexations. The City prepared a new City zoning map to include the newly annexed property, which once again erroneously shows the Farr tract as zoned industrial.

¶6.     On July 6, 2001, *The New Albany Gazette* published a front-page article describing the City of New Albany's proposed zoning changes and a color-coded proposed zoning map. The article provided that:

> A large version of the map, which appears with this story, can be inspected at City Hall, and the hearing will be Thursday, July 26, at 6 p.m. in City Hall. *Zoning has not been changed in the part of the city not annexed*, but aldermen stressed that people from throughout the city are invited to the hearing to make comments if they wish.

(Emphasis added.) The City based its 2001 map on the 1997 zoning map, erroneously marking the Farr property as zoned for industrial use.

¶7.     In 2007, Booker Farr agreed to sell the Farr tract to Lehman-Roberts Company, an asphalt-paving company. Lehman-Roberts intended to build an asphalt plant on the Farr tract. On June 5, 2008, Lehman-Roberts applied for a building permit from the City. Before Lehman-Roberts purchased the land, the use of the Farr tract was consistent with agricultural zoning. There is no evidence in the record that surrounding landowners had any reason to know or suspect that the Farr tract was zoned industrial.

¶8.     Five days later, on June 10, 2008, surrounding landowners Robin Bostwick, Eric Frohn, Allen Maxwell, Herbert G. Rogers III, and Ray Tate ("Petitioners") filed a petition with the New Albany Board of Aldermen to correct the City's zoning map, which depicted

3

the Farr tract as zoned industrial. Petitioners claimed that the Farr tract had been incorrectly labeled as zoned industrial and that its actual zoning was agricultural.

¶9. The New Albany Board of Aldermen held a hearing on August 29, 2008, and concluded that the Farr tract was zoned industrial. In its findings based on the August 29 hearing, the City recognized that "[t]he official minutes of the City of New Albany . . . *do not contain an entry wherein it was requested that the subject tract be rezoned from agricultural to industrial* although it was shown as being zoned industrial on the official zoning map" and that "[b]ut for the minutes for the July 16, 2001 public hearing, when the current zoning map was adopted, the minutes of the City of New Albany *do not contain any reference to a rezoning of the subject property*." (Emphasis added.) Nonetheless, the City found that "[t]he article appearing on the front page of the *New Albany Gazette* constituted sufficient legal notice of the public hearing on the proposed zoning map" and that "[f]ollowing the July 16, 2001 public hearing, the subject property was properly zoned industrial."

¶10. In September 2008, Petitioners filed a Bill of Exceptions in the Circuit Court of Union County appealing the New Albany Board of Aldermen's decision, claiming that the City had failed to give notice of the change of the Farr tract's zoning from agricultural to industrial, and therefore, that "[a]ny attempts to rezone the land . . . would have been void due to the fact that the City failed to follow proper procedure." The circuit court found that the City's action "declaring the Farr tract to be classified as Industrial rather than Agricultural is arbitrary and capricious and should be reversed." In April 2009, Riverside; David Farr,

4

executor of Booker Farr's estate; and Lehman-Roberts ("Riverside") filed their "Notice of Appeal."[1]

¶11. In February 2011, the Court of Appeals rendered judgment, reversing the circuit court's ruling and stating that Petitioners are "estopped from untimely challenging any technical failings of the zoning ordinance." As the Court of Appeals found this issue dispositive, it did not address whether the City had provided the required notice for a change in zoning. Following the Court of Appeals' decision, this Court granted Petitioners' petition for writ of certiorari.

---

[1]After the circuit court ruled that the Farr tract was zoned agricultural and Riverside filed its notice of appeal, Farr filed a petition with the New Albany Board of Aldermen requesting that the City change the zoning of the Farr tract from agricultural to industrial. The City held a hearing on June 15, 2009, and issued findings on November 2, 2009, declaring that the Farr tract was zoned agricultural. The City recognized the circuit court's finding that "notice was never adequately given under the requirements of state law, due in part to the fact that the City had failed to follow its own ordinances" and that "on both the prior and current maps, the subject property was *mistakenly shown as industrial*." (Emphasis added.)

On March 15, 2010, Petitioners filed a motion to dismiss, arguing that Farr was "judicially estopped and barred by election of remedies from pursuing this appeal" because, in seeking to change the property's zoning from agricultural to industrial, "he ha[d] signed a petition stating that [the Farr tract] is zoned agricultural." In response, Riverside pointed out that "[t]he issue on this appeal is whether the Union County Circuit Court erred in finding that the City of New Albany acted arbitrarily and capriciously when the City held that the Farr Property had been classified Industrial through the adoption of the City's 1997 and 2001 Comprehensive Plans and Official Zoning Maps." Riverside argued that Petitioners' motion to dismiss sought "to bring before the Court matters that are outside the issue of whether the Union County Circuit Court was correct in finding that the City of New Albany's September 2008 decision was arbitrary and capricious." Petitioners' motion to dismiss was denied.

**THE MISSISSIPPI COURT OF APPEALS**

¶12. On appeal, the Mississippi Court of Appeals addressed only whether the Petitioners are estopped from challenging the change in zoning, and did not address whether the City gave the required notice before changing the zoning of the Farr tract from agricultural to industrial.

¶13. The Court of Appeals recognized that "[t]he record is not clear as to how the subject property was initially rezoned from agricultural to industrial use." Nonetheless, the Court of Appeals found that "it is undisputed that the change in zoning was reflected on the City's official zoning map in 1997. *Since then, the property has been zoned industrial use*." (Emphasis added.) The court did not address whether the City had complied with the notice and hearing requirements to change the zoning designation prior to the 1997 putative zoning change, nor did it explain how the property could have been rezoned for industrial use without the City complying with the procedural requirements for changing the zoning designation.

¶14. The Court of Appeals construed the Petitioners' claim as "[i]n essence, [an] attempt to challenge the 2001 zoning map[,]" which the Court of Appeals found was untimely, so that Petitioners "are now estopped from bringing such challenge." The Court of Appeals based its decision on two cases, *Walker v. City of Biloxi*, 92 So. 2d 227 (Miss. 1957), and *McKenzie v. City of Ocean Springs*, 758 So. 2d 1028 (Miss. Ct. App. 2000). In *Walker*, this Court found that a challenge to an ordinance establishing zoning districts, made seventeen years after the ordinance went into effect, was untimely. *Walker*, 92 So. 2d 227. The *Walker*

6

Court provided that a "[p]roperty owner cannot attack . . . [a] zoning ordinance because of noncompliance with formal requirements in [the] manner of its enactment, where it has been *recognized by him* and has been in effect for more than nine years at the time the objections are asserted." *Id*. at 229 (emphasis added). In *McKenzie*, the Court of Appeals considered an argument that a zoning amendment was invalid because the City gave only fourteen days' notice of the hearing adopting the amendment, in violation of Mississippi law's fifteen-day-notice requirement. *McKenzie*, 758 So. 2d 1028. Citing *Walker*, the *McKenzie* court stated that "[o]nce an ordinance, though technically noncompliant with statutory dictates in its publication and recordation, *has been recognized and relied upon by the community* and given effect by the local government for many years, it will not be struck down due to technical failings." *Id*. at 1032 (emphasis added). The *McKenzie* court concluded that providing notice fourteen, rather than fifteen, days before a hearing was an "error . . . of the most technical variety" and declined to strike down the zoning amendment. *Id*.

¶15.    The Court of Appeals concluded that:

> the subject property had been zoned industrial use for twelve years. The [Petitioners] did not attack the zoning ordinance until seven years after the adoption of the current zoning plan. Just as in *McKenzie* and *Walker*, the [Petitioners'] challenge cited technical failings in the adoption of the zoning map. . . . These alleged technical failings are insufficient to invalidate the City's official zoning map that has been relied upon by the City and the property owner for many years. The City correctly concluded that the property is zoned for industrial use. The [Petitioners] are estopped from bringing such a remote challenge to the zoning ordinance.

*Riverside v. Bostwick*, __ So. 3d __, 2011 WL 294392, at *5 (Miss. Ct. App. Feb. 1, 2011).

**ISSUES**

7

¶16. This Court will consider:

1. Whether the City was required to provide notice before rezoning the Farr tract.
2. Whether the City violated Petitioners' due-process rights by failing to provide the required notice before rezoning the Farr tract.

**ANALYSIS**

¶17. "[T]he proper standard of review in appeals from a circuit court's review of a municipal authority's decision . . . is substantial evidence, the same standard which applies in appeals from decisions of administrative agencies and boards." ***Wilkinson County Bd. of Supervisors v. Quality Farms, Inc.***, 767 So. 2d 1007, 1010 (Miss. 2000) (citation omitted). "'The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or *violated the constitutional or statutory rights* of the aggrieved party.'" ***Id***. (citation omitted) (emphasis added).

### I. Whether the City was Required to Provide Notice Before Rezoning the Farr Tract.

¶18. Under Mississippi Code Section 17-1-17, a city must provide notice before it may change a zoning designation:

Zoning regulations, restrictions and boundaries may, from time to time, be amended, supplemented, changed, modified or repealed *upon at least fifteen (15) days' notice* of a hearing on such amendment, supplement, change, modification or repeal, said notice to be given in an official paper or a paper of general circulation in such municipality or county specifying a time and place for said hearing.

8

Miss. Code Ann. § 17-1-17 (Rev. 2003) (emphasis added). We have provided that "[t]he required notice must set forth the pertinent information unambiguously so as to inform interested persons of the proposed action." ***Ridgewood Lane Co. v. Simmons***, 137 So. 2d 532, 538 (Miss. 1962).

¶19.    The record provides no evidence that the City of New Albany provided any notice before putatively changing the zoning status of the Farr tract on its maps from agricultural to industrial. The record does not include any evidence of how the purported zoning change came about: whether it was by an intentional act of the City, or, rather, by the City mistakenly marking the Farr tract as zoned for industrial use on the 1997 zoning map and carrying that mistake forward to the 2001 map. There being no proof of a legal change supported by compliance with statutorily required procedures for changing the zoning designation, we are not faced with a failure to comply technically, but rather a zoning change without any statutorily required notice.

¶20.    The July 6, 2001, article in *The New Albany Gazette* did not remedy the City's failure to provide notice of the purported 1997 zoning change for the Farr tract. The article was published after the alleged change, did not comply with statutory notice requirements, and did not "set forth the pertinent information unambiguously." The article's headline reads: "Aldermen discuss *zoning for new area*[,]" and its first sentence stated that "[t]he new city administration encountered a long agenda at its first official meeting Tuesday, with one of the most discussed being zoning designations for the *newly annexed part of the city*." (Emphasis added.) The article specifically provided that "[*z*]*oning has not been changed in*

9

*the part of the city not annexed . . . .*" The Farr tract was "in the part of the city not annexed[,]" as it had been annexed into the City in or around 1968. Thus, the 2001 article did not provide legal notice of a change to the Farr tract's zoning designation.

¶21.    Petitioners never had legal notice of a change in the Farr tract's zoning designation, and the affected property was not used in a manner to alert surrounding landowners that a zoning change had occurred. Prior to Lehman-Roberts's 2008 application for a permit to build an asphalt plant, the use of the Farr tract and surrounding tracts was consistent with an agricultural-use designation. As the 2001 newspaper article did not provide notice of a zoning change of the Farr tract from agricultural to industrial, and as the Farr tract was not used in a manner suggesting industrial use, Petitioners had no notice, or even reason to suspect, that the Farr tract had been rezoned for industrial use. Petitioners filed a petition with the City to address the proper zoning designation within five days of Lehman-Roberts's application for a city permit to build an asphalt plant on the property. We discern no evidence that Petitioners should have been aware of the Farr tract's industrial-zoning designation before that time, and Petitioners could not have been expected to challenge the industrial-zoning designation before they became aware of it.

¶22.    The Court of Appeals erred in finding that Petitioners are estopped from challenging the purported zoning change. We have defined equitable estoppel as "the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion was allowed." ***Kimball Glassco***

10

*Residential Center, Inc. v. Shanks*, 64 So. 3d 941, 947-48 (Miss. 2011) (citation omitted). Generally, "[f]or the doctrine of equitable estoppel to apply, [Riverside] must have relied on a misrepresentation by the [Petitioners] and not on a misrepresentation by some other individual or entity." *Id*. At the very least, "as an essential prerequisite to application of the doctrine of estoppel[,] the party to be estopped must have had knowledge of the situation." *Suggs v. Town of Caledonia*, 470 So. 2d 1055, 1058 (Miss. 1985). Riverside has not alleged that Petitioners ever misrepresented the zoning of the Farr tract as industrial, and the record reveals no evidence that Petitioners had any reason to know of the industrial zoning.

¶23.    The Court of Appeals' reliance on *Walker* and *McKenzie* to find that Petitioners are estopped is misplaced. *Walker* concerned a commercial business, opened in 1952, on land zoned for residential use. *Walker*, 92 So. 2d at 228. The landowner in that case argued that a 1940 ordinance establishing the property's residential zoning was void, because the City had provided less than fifteen days' notice before adopting the ordinance. *Id*. In that case, we recognized that the ordinance had not complied with the fifteen-day notice requirement when it went into effect, but we noted that the ordinance had since been amended thirty-two times, that 7,100 permits had been issued under it, and that the landowner challenging the ordinance had herself obtained permits and licenses under the ordinance. *Id*. at 229. It was in view of these facts that we stated that a "[p]roperty owner cannot attack [the] validity of [a] zoning ordinance because of noncompliance with formal requirements in [the] manner of its enactment, where it has been recognized by him and has been in effect for more than nine years at [the] time the objections are asserted." *Walker v. City of Biloxi*, 92 So. 2d at 229

11

(citation omitted) (emphasis added). The record in this case does not include any evidence of a "zoning ordinance" changing the Farr tract's zoning to industrial that Petitioners could have recognized. The record does not include any evidence of when or how the zoning of the Farr tract was changed, or that the City gave the required notice before making the zoning change. Unlike the landowner in *Walker*, who had herself obtained permits and licenses under the zoning ordinance that she challenged, there is no evidence that Petitioners had relied on the change. Instead, the use of the Farr tract remained consistent with agricultural zoning until Lehman-Roberts began seeking permits to build an asphalt plant on the property, at which time Petitioners timely took action to challenge the industrial zoning.

¶24. In *McKenzie*, the Mississippi Court of Appeals found that fourteen days' notice, instead of the required fifteen days' notice for a zoning amendment, was merely a "technical failing" and declined to strike down the challenged zoning amendment. *McKenzie*, 758 So. 2d at 1032. Unlike the one-day discrepancy in *McKenzie*, the City's failure to provide notice in this case was more than a mere "technical failing." The record does not show that the City or the property owner had relied on an industrial zoning designation for many years, as the use of the Farr tract was consistent with agricultural zoning until Lehman-Roberts applied for a city permit to construct and operate an asphalt plant, when Petitioners challenged the industrial zoning.

¶25. The City's failure to provide *any* notice of a change in the Farr tract's zoning from agricultural to industrial is more than a mere "technical failing." The record does not include any evidence of an official change in zoning from agricultural to industrial, as the only

12

suggestion of the Farr tract's purported industrial zoning consists of labels on the 1997 and 2001 zoning maps. The record includes no evidence of an application for a zoning change from the owner of the Farr tract, of public notice of a zoning change for the Farr tract, or of a hearing on a zoning change regarding the Farr tract. Finding no evidence that the zoning designation was ever properly reclassified from agricultural to industrial, and finding that the City did not provide the required notice for a change in zoning, we agree with the circuit court that the City acted arbitrarily and capriciously when it decided that the Farr tract had been legally rezoned for industrial use.

**II. Whether the City Violated Petitioners' Due Process Rights by Failing to Provide the Required Notice Before Rezoning the Farr Tract.**

¶26.   The Mississippi Constitution provides that "[n]o person shall be deprived of life, liberty or property except by due process of law." Miss. Const. art. III, § 14. This clause guarantees "minimum procedural due process . . . consisting of (1) notice and (2) opportunity to be heard." ***Miss. Gaming Comm'n v. Freeman***, 747 So. 2d 231, 246 (Miss. 1999). The Mississippi Constitution applies to municipalities and their subdivisions, such as the City of New Albany Board of Aldermen. *See **Myers v. City of McComb***, 943 So. 2d 1, 6 (Miss. 2006) ("we must determine if the Mississippi Constitution . . . [is] applicable to municipalities and the persons or collection of persons which compose same. This Court has answered . . . in the affirmative for at least a century.").

¶27.   Applying due-process requirements to a municipal zoning decision, we have stated that "the essence of the due process rights . . . is reasonable advance notice of the substance

13

of the rezoning proposal together with the opportunity to be heard at all critical stages of the process." ***Thrash v. Mayor and Comm'rs of City of Jackson***, 498 So. 2d 801, 808 (Miss. 1986). The record includes no evidence, and no party has argued, that Petitioners were given the statutorily required notice of a change in the Farr tract's zoning designation. We find that a newspaper article that was published four years after a purported zoning change occurred did not provide "advance notice" to satisfy due process. We further find that the article did not provide notice of "the substance of the zoning proposal" to change the Farr property's zoning designation to industrial use, for the article repeatedly stated that the zoning changes applied only to newly annexed property, not to land that had been in the City for many years, such as the Farr tract. Accordingly, we find that the City's failure to provide any notice before reclassifying the Farr tract's zoning from agricultural to industrial violated Petitioners' due process rights, and thus, Petitioners were not estopped from contesting the reclassification, based on the facts as presented in this case.

## CONCLUSION

¶28.    We conclude that the Circuit Court of Union County did not err in finding that the New Albany Board of Aldermen acted arbitrarily and capriciously in deciding that the Farr tract was properly rezoned for industrial use and in failing to provide notice of the rezoning. We further conclude that the City's failure to provide notice violated Petitioners' due-process rights. Accordingly, we vacate the decision of the Court of Appeals, and reinstate and affirm the ruling of the circuit court overturning the City's decision.

14

¶29.   **THE JUDGMENT OF THE COURT OF APPEALS IS VACATED AND THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY IS REINSTATED AND AFFIRMED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.**