GRIFFIS, J.,
for the Court:
¶ 1. Robin Bostwick, Eric Frohn, Allen Maxwell, Herbert G. Rogers III, and Ray Tate (the “Appellees”) filed a petition asking the City of New Albany, Mississippi, to correct its zoning map to show that the subject property is zoned for agricultural use instead of industrial use. The City denied the petition, found that there was no mistake in the zoning, and found that the property was legally zoned for industrial use.
¶ 2. The City’s decision was appealed to the Union County Circuit Court. The circuit court held that there was insufficient notice of the City’s intent to classify the property as industrial; therefore, the court ruled that the City’s decision was arbitrary and capricious. The City was ordered to amend its zoning records to indicate that the property is presently zoned agricultural.
¶ 3. Lehman-Roberts Company and Booker Farr (the “Appellants”),[1] intervened in this action and now appeal the circuit court’s judgment. We find that the Appellees are estopped from untimely challenging any technical failings of the zoning ordinance. As this issue is disposi-tive of the appeal, we decline to address Appellants’ other assignments of error. The judgment of the circuit court is reversed, and the City’s decision is reinstated.
FACTS
¶ 4. The subject property consists of 29.42 acres that was annexed into the City in 1968 and zoned for agricultural use. It is located on Munsford Drive, which is a four-lane highway built in 1996 and 1997 to connect U.S. 78 and Highway 30 West. Farr purchased the property from Bobby Carter, Alan Jackson, and Bostwick in 1999.[2] Farr testified that he was unaware of the zoning classification of the property at the time of purchase.
¶ 5. The City’s zoning map at the time, which had been adopted in 1997, showed the subject property zoned for industrial use. The City adopted its current zoning map in 2001. A public hearing was held, on July 26, 2001, to adopt the zoning map. While notice of that meeting was not placed in the legal-notices section of the newspaper, an article about the meeting ran on the front page of the New Albany Gazette. The article gave twenty days’ notice of the meeting, and it contained a zoning map showing the subject property in an industrial-use zone. There was no objection to the zoning of the property made at the July 26, 2001, public meeting.
¶ 6. Farr first inquired about the zoning in 2002, when he decided to sell the property. Mike Armstrong, the City’s zoning administrator, informed Farr that the property was zoned industrial use. Farr marketed the property as industrial use.
¶ 7. Farr agreed to sell the property to Lehman-Roberts, an asphalt paving company with operations in Tennessee and North Mississippi. When Toyota announced the opening of a plant in Blue Springs, Mississippi, Lehman-Roberts decided to build an asphalt plant nearby. Lehman-Roberts was awarded two paving contracts to improve U.S. 78 and the section of frontage road at the new Toyota plant. Lehman-Roberts determined that the property on Munsford Drive would be *909 a convenient location for the asphalt plant because it provided easy access to U.S. 78.
¶ 8. David Greene of Lehman-Roberts contacted Armstrong to determine the zoning of the property. Armstrong showed Greene the City’s zoning map, which classified the property as industrial use. Armstrong assured Greene that the industrial-use zoning of the property allowed for the construction of an asphalt plant.
¶ 9. In order to build the plant, Lehman-Roberts was required to obtain a permit from the Mississippi Department of Environmental Quality. A public hearing was held in New Albany on November 29, 2007. MDEQ requested an official opinion from the City as to the property’s zoning. The City responded, stating: “It is the position of the City that the Booker Farr tract which Lehman-Roberts proposes to purchase is zoned industrial on the official zoning map of the City. It was shown as such prior to the 2001 annexation and it remains so.” Following a second hearing held in Jackson, MDEQ granted Lehman-Roberts’s requested permit.
¶ 10. On June 5, 2008, Lehman-Roberts requested a building permit from the City for the construction of the asphalt plant. On June 10, 2008, the Appellees, as owners of nearby property, filed a petition with the City to correct the zoning map or, in the alternative, rezone the property to agricultural use. They argued that the property had been zoned agricultural use since its annexation in 1968, and that, at some point prior to the 2001 zoning map, the property was mistakenly changed to industrial use on the City’s official zoning map. Appellees requested that the City acknowledge this mistake and correct the map to show the property as agricultural.
¶ 11. The City issued Lehman-Roberts’s requested building permit on August 8, 2008. On August 18, 2008, the Appel-lees filed a complaint for emergency relief and a motion for mandamus against the City in the circuit court. The complaint stated that the City had refused to revoke or stay the building permit it had issued to Lehman-Roberts until the zoning issue was resolved. The circuit court granted the Appellees’ request and instructed the City that the building permit granted to Lehman-Roberts was stayed until the zoning issues were resolved.
¶ 12. On August 29, 2008, the City held a public hearing on the Appellees’ petition to correct the zoning map. The City later denied the petition, stating that the zoning of the property was changed from agricultural to industrial sometime in 1996 because the property was shown as industrial use on the 1997 official zoning map.[3] Thus, the official zoning map had shown the property as industrial for twelve years.
¶ 13. The City made the following findings:
• the subject property was shown as industrial use on the current zoning map, adopted in 2001, and the zoning map immediately preceding the current map;
• there is no record of a rezoning of the subject property except for the minutes of the 2001 hearing at which the current zoning map was adopted;
• the owner of an adjacent piece of property applied for and received a rezoning of his property to industrial use in *910 1996, and he has since operated an asphalt plant on the adjacent property;
• an article on the front page of the New Albany Gazette provided sufficient notice of the 2001 public hearing to adopt the current zoning map even though a notice was not posted in the legal-notices section of the newspaper;
• following the 2001 public hearing, the subject property was properly zoned industrial use; and,
• the Appellees failed to show a mistake in the rezoning of the subject property that was not cured by the 2001 public hearing.
¶ 14. The Appellees filed a bill of exceptions in the circuit court to appeal the City’s decision. The circuit court found that the subject property was never legally changed from agricultural to industrial use because the City did not give proper notice of the July 26, 2001, meeting at which the current zoning map was adopted.
¶ 15. The circuit court noted that the article on the front page of the New Albany Gazette announced that the meeting would be held on July 26, but it failed to state the year of the meeting. Further, the article stated: “Zoning has not been changed in the part of the city not annexed, but aldermen stressed that people from throughout the city are invited to the hearing to make comments if they wish.” Because the subject property was already located within the city limits and not a part of the 2001 annexation, the circuit court held that this notice was not sufficient for a change in the zoning of the subject property.
¶ 16. As such, the circuit court found that the City’s decision was arbitrary and capricious. The City was ordered to change its official map and records to indicate that the subject property was zoned agricultural use.
STANDARD OF REVIEW
¶ 17. “The decisions of municipal zoning authorities, because they are legislative decisions, are presumed valid.” Woodland Hills Conservation Ass’n, Inc. v. City of Jackson, 443 So.2d 1173, 1180 (Miss.1983). The standard of review in zoning cases is whether the action of the City was arbitrary or capricious and whether it was supported by substantial evidence. Broadacres, Inc. v. City of Hattiesburg, 489 So.2d 501, 503 (Miss.1986). A reviewing court in a zoning matter does not sit as a “superzoning commission.” City of Biloxi v. Hilbert, 597 So.2d 1276, 1280 (Miss.1992). In fact, “the zoning decision of a local governing body which appears ‘fairly debatable’ will not be disturbed on appeal, and will be set aside only if it clearly appears the decision is arbitrary, capricious, discriminatory, illegal or is not supported by substantial evidence.” Id. The party challenging the decision bears the burden of proof. McWaters v. City of Biloxi, 591 So.2d 824, 827 (Miss.1991).
ANALYSIS
¶ 18. The record is not clear as to how the subject property was initially rezoned from agricultural to industrial use. The Appellees’ argument throughout these proceedings has been that this change in zoning was the result of a mistake on the part of the City. Chris Watson, an urban planner who assisted the City in its creation of the current zoning map, testified that there was no clerical mistake in the zoning of the property. Regardless, it is undisputed that the change in zoning was reflected on the City’s official zoning map in 1997. Since then, the property has been zoned industrial use.
¶ 19. In 2001, the City’s current zoning map was adopted. The 2001 map, like the *911 1997 map, indicates that the subject property is zoned industrial use. In 2008, the Appellees challenged the adoption of the 2001 zoning map. They argued that proper notice was not provided to rezone the subject property. In essence, the Appel-lees attempt to challenge the 2001 zoning map. This challenge is untimely. Therefore, the Appellees are now estopped from bringing such challenge.
¶ 20. In McKenzie v. City of Ocean Springs, 758 So.2d 1028, 1030 (¶ 3) (Miss. Ct.App.2000), nearby property owners challenged the Ocean Springs Yacht Club’s request to expand its pier. They argued that an ordinance adopted in 1977 was invalid because only fourteen days’ notice was given of the hearing adopting the ordinance. Id. at 1031 (¶ 9). Mississippi Code Annotated section 17-1-17 (Supp.2010) provides the notice requirements for a change in zoning, stating:
Zoning regulations, restrictions and boundaries may, from time to time, be amended, supplemented, changed, modified or repealed upon at least fifteen (15) days’ notice of a hearing on such amendment, supplement, change, modification or repeal, said notice to be given in an official paper or a paper of general circulation in such municipality or county specifying a time and place for said hearing....
Because section 17-1-17 required that fifteen days’ notice be given of a hearing to change zoning, the property owners argued that the City of Ocean Springs could not rely on the comprehensive zoning ordinance. McKenzie, 758 So.2d at 1031 (¶ 9). This Court held that the City of Ocean Springs had relied upon the legality of its comprehensive zoning ordinance for twenty years without objection; thus, the technical failings of the notice did not render the ordinance invalid. Id. at 1032 (¶ 10).
¶ 21. The decision in McKenzie relied on the supreme court’s ruling in Walker v. City of Biloxi, 229 Miss. 890, 893, 92 So.2d 227, 228 (1957). There, the' City of Biloxi challenged the operation of a commercial business in a residential zoning area. Id. In response, the owner and operator of the business challenged the zoning ordinance based on improper notice. The supreme court found that the City of Biloxi, in fact, did not follow the statutory notice requirements; thus, had a timely attack been made, the ordinance would be held invalid. Id. at 894-95, 92 So.2d at 228-29.
¶ 22. However, the attack came approximately seventeen years after the ordinance was adopted. The supreme court held that: “Waiver, estoppel or laches may operate under certain circumstances to preclude relief against zoning ordinances or regulations. This may be true with respect to defects and irregularities in the mode of enactment of a zoning ordinance.” Id. at 895, 92 So.2d at 229 (quoting 8 McQuillin, Municipal Corporations, Sec. 25.291, 3d Ed.). The supreme court also cited as authority a ruling from the Supreme Court of New Jersey stating, “[a pjroperty owner cannot attack [the] validity of [a] zoning ordinance because of noncompliance with formal requirements in [the] manner of its enactment, where it has been recognized by him and has been in effect for more than nine years at time objections are asserted.” Id. (citing Benequit v. Borough of Monmouth Beach, 125 N.J.L. 65, 13 A.2d 847 (1940)).
¶ 23. Here, the subject property had been zoned industrial use for twelve years. The Appellees did not attack the zoning ordinance until seven years after the adoption of the current zoning map. Just as in McKenzie and Walker, the Appellees’ challenge cited technical failings in the adoption of the zoning map. They argued that the article published in the local newspaper was not proper notice because it ap *912 peared on the front page and not in the legal-notices section of the paper. They claimed that the notice only referred to newly annexed property despite the article’s inclusion of a zoning map of the entire City clearly showing the subject property zoned industrial.
¶ 24. These alleged technical failings are insufficient to invalidate the City’s official zoning map that has been relied upon by the City and the property owner for many years. The City correctly concluded that the property is zoned for industrial use. The Appellees are estopped from bringing such a remote challenge to the zoning ordinance. Accordingly, the judgment of the circuit court is reversed, and judgment is rendered to reinstate the City’s decision.
¶ 25. THE JUDGMENT OF THE UNION COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. Riverside Traffic Systems, Inc., a company owned by Farr, is no longer a party to this case because an order was entered by the circuit court substituting Farr in place of Riverside Traffic Systems.

. The property was initially deeded to Riverside Traffic Systems, but it is now owned by Farr individually.

. We note that this change occurred when the subject property was owned by Bostwick, an appellee in this case, who waited until 2008 to challenge the zoning of the property. Bo-stwick testified that the property was zoned agricultural use when he sold it to Farr in 1999; however, he did not state the basis for his belief. His statement is contrary to the City's proof that the property was zoned industrial on the 1997 official zoning map.